# FEDERAL POWER COMMISSION *v.* TRANSCONTINENTAL GAS PIPE LINE CORP. ET AL.

No. 75–584.   Decided January 19, 1976

Per Curiam.

The Federal Power Commission seeks certiorari from an interlocutory order of the Court of Appeals for the District of Columbia Circuit, which defers that court's review of the Commission order at issue pending completion of a certain evidentiary investigation by the Commission directed by the court. The Commission challenges the authority of the Court of Appeals to order the investigation under the statutory review provision involved, § 19 (b) of the Natural Gas Act, 52 Stat. 831, as amended, 15 U. S. C. § 717r (b), and, in any event, contends that the Court of Appeals abused its discretion in the circumstances of this case.

The underlying case involves plans for coping with a natural gas shortage being experienced by respondent Transcontinental Gas Pipe Line Corp. (Transco). The

shortage is said to require curtailment of contracted natural gas deliveries by Transco to its customers during periods of high demand. The curtailment plans concern methods of allocating the shortfall among the various customers. The curtailment plan immediately at issue was submitted by Transco to cover the period of November 1974 to November 1975. This interim plan was filed in September 1974, and was the result of a settlement agreement negotiated between Transco and its various customers. The agreement provided for a plan of allocation of natural gas supplies among Transco's customers during periods of shortage, and a monetary compensation scheme under which customers receiving more gas than the systemwide average would compensate customers who received less natural gas than the average. The Commission rejected the proposed plan, determining that the compensation scheme would be violative of the Natural Gas Act. The Commission held that the compensation scheme would violate (1) § 4 (a) of the Act, 15 U. S. C. § 717c (a), which requires a pipeline's jurisdictional rate to be based on the pipeline's cost of service plus a reasonable rate of return; (2) § 4 (b) of the Act, 15 U. S. C. § 717c (b), which prohibits undue discrimination in rates among similarly situated customers; and (3) § 7 (c) of the Act, 15 U. S. C. § 717f (c), which requires persons engaging in resales of natural gas in interstate commerce first to obtain a certificate of public convenience and necessity.

Thereafter, Transco and several of the parties to the settlement agreement sought review of the Commission's determination.[1]  Following oral argument on the peti-

---

[1] Although neither the petitioning Commission nor the two respondents who have filed responses to the petition for certiorari have addressed the issue, it appears that the underlying controversy is not now moot even though it concerns an interim plan covering a

tion for review, the Court of Appeals, "desiring to be more fully informed about the 'crisis' on the Transco system before reviewing questions pertaining to its solution," entered an order *sua sponte* directing the parties to submit certain information concerning Transco's natural gas reserves. After receiving responses to this order, and noting the refusal of the Commission to certify the accuracy of the data supplied by Transco regarding its reserves of natural gas, the court directed the parties to show cause why it should not order the Commission to conduct an immediate investigation of Transco's claim of reduced reserves. Thereafter, the Court of Appeals, observing that evidence of "actual shortage both underlies the concept of curtailment and justifies its application," issued the proposed order. That order directed the Commission to complete and report to the court an investigation "of Transco's claims of reduced reserves by immediate subpoena of Transco's books and records pertaining to all gas supplies in which it has any legal interest . . . and by field investigation ·[which] has determined the extent of the reduced reserves and the bona fides of Transco and its suppliers in meeting their past and future contract commitments. . . ." The court further directed that its decision reviewing

period of time that has by now expired. The Court of Appeals earlier granted a motion by Transco and ordered the interim plan into effect pending that court's review of the Commission's order disallowing the plan. *Consolidated Edison Co.* v. *FPC,* 167 U. S. App. D. C. 134, 143, 511 F. 2d 372, 381 (1974). The court ordered that the compensation payments under the plan be paid into an escrow account pending review of the Commission's determination that the compensation scheme was unlawful. *Ibid.* Therefore, it appears that at the least the disposition of these payments into the escrow account will be affected by the Court of Appeals' ultimate judgment on the merits of the case.

the Commission's order would be deferred pending the investigation and report, and that the investigation and report should be made by the Commission within 30 days.

It is this interlocutory order for which the Commission petitions for review by this Court. The Commission first argues that the Court of Appeals has overstepped the bounds of its reviewing authority in ordering this investigation by the Commission, and that in doing so the court has unwarrantedly interfered with the internal functional autonomy of an independent administrative agency. Additionally, the Commission argues, the Court of Appeals has abused its discretion in ordering the factual inquiry by the Commission in the circumstances presented by this case. The Commission maintains that the extent of Transco's natural gas shortage is not material to the legal issues—concerning the lawfulness of the proposed compensation scheme—which presently confront the Court of Appeals. This is said to be particularly true where, as here, the Commission has *disapproved* the proposed interim plan for dealing with the alleged shortage of gas.[2] Finally, the Commission argues that it is impossible to comply with the order, as such a complex investigation would require much longer than the 30 days allowed.

*First.* We agree with the Commission that the challenged order, although interlocutory in nature, is prop-

---

[2] This argument appears to accord with the views of Judge Mac-Kinnon which are set forth in a separate statement accompanying the challenged order. Judge MacKinnon expressed the view that the extent of the shortage is "peripheral," although "not wholly irrelevant" to the legal issues confronting the Court of Appeals. He indicated that he would instead first reach the merits, affirm the order of the Commission, and then direct that the Commission make the complex factual inquiry regarding the shortage "prior to passing on any subsequent curtailment plan."

erly reviewable by this Court pursuant to 28 U. S. C. § 1254 (1). Clearly the effect of the order is immediate and irreparable, and any review by this Court of the propriety of the order must be immediate to be meaningful.

*Second.* We agree with the Court of Appeals that the existence of an actual shortage of gas supplies forms the factual predicate necessary to the Commission's assertion of authority under its transportation jurisdiction, § 1 (b) of the Act, 15 U. S. C. § 717 (b), to approve the curtailment of gas already contracted for. *FPC* v. *Louisiana Power & Light Co.,* 406 U. S. 621 (1972). Certainly that court could properly conclude that the Commission would have abused its discretion had it approved curtailment plans in the absence of evidence whereby it "could have reasonably believed" the shortage to exist, *Citizens to Preserve Overton Park* v. *Volpe,* 401 U. S. 402, 416 (1971), and that "substantial evidence" in the record is necessary to support any such finding by the Commission.

*Third.* We are of the view, however, that the Court of Appeals overstepped the bounds of its reviewing authority in issuing the order presently before us. First, we have consistently expressed the view that ordinarily review of administrative decisions is to be confined to "consideration of the decision of the agency . . . and of the evidence on which it was based." *United States* v. *Carlo Bianchi & Co.,* 373 U. S. 709, 714–715 (1963). "[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp* v. *Pitts,* 411 U. S. 138, 142 (1973). If the decision of the agency "is not sustainable on the administrative record made, then the . . . decision must be vacated and the matter remanded . . . for further consideration." *Id.,* at 143. Clearly it is this mode of review that is contem-

plated by the statute providing for judicial review of Commission decisions, § 19 (b) of the Act, 15 U. S. C. § 717r (b).[3]   Secondly, although we have recognized that

[3] Section 19 (b) of the Natural Gas Act provides:

"Any party to a proceeding under this chapter aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the court of appeals of the United States for any circuit wherein the natural-gas company to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia [Circuit], by filing in such court, within sixty days after the order of the Commission upon the application for rehearing, a written petition praying that the order of the Commission be modified or set aside in whole or in part. A copy of such petition shall forthwith be transmitted by the clerk of the court to any member of the Commission and thereupon the Commission shall file with the court the record upon which the order complained of was entered, as provided in section 2112 of Title 28. Upon the filing of such petition such court shall have jurisdiction, which upon the filing of the record with it shall be exclusive, to affirm, modify, or set aside such order in whole or in part. No objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission in the application for rehearing unless there is reasonable ground for failure so to do. The finding of the Commission as to the facts, if supported by substantial evidence, shall be conclusive. If any party shall apply to the court for leave to adduce additional evidence, and shall show to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for failure to adduce such evidence in the proceedings before the Commission, the court may order such additional evidence to be taken before the Commission and to be adduced upon the hearing in such manner and upon such terms and conditions as to the court may seem proper. The Commission may modify its findings as to the facts by reason of the additional evidence so taken, and it shall file with the court such modified or new findings, which if supported by substantial evidence, shall be conclusive, and its recommendation, if any, for the modification or setting aside of the original order. The judgment and decree of the court, affirming, modifying, or setting aside, in whole or in part, any such order of the Commission, shall be final, subject to review

a court reviewing decisions of the Federal Power Commission sits as a court vested with equity powers and "may authorize the Commission in proper cases to take new evidence," *Mobil Oil Corp.* v. *FPC,* 417 U. S. 283, 311–312 (1974), it is nevertheless true that ordinarily this will require a remand to the agency in order that it can exercise its administrative discretion in deciding how, in light of internal organizational considerations, it may best proceed to develop the needed evidence and how its prior decision should be modified in light of such evidence as develops. Certainly this is the procedure contemplated by the review statute, which provides that the Commission "may modify its findings as to the facts by reason of the additional evidence so taken," and that "such modified or new findings, . . . if supported by substantial evidence, shall be conclusive . . . ." 15 U. S. C. § 717r (b). At least in the absence of substantial justification for doing otherwise,[4] a reviewing court may not, after determining that additional evidence is requisite for adequate review, proceed by dictating to the agency the methods, procedures, and time dimension of the needed inquiry and ordering the results to be reported to the court without opportunity for further consideration on the basis of the new evidence by the agency. Such a procedure clearly runs the risk of "propel[ling] the court into the domain which Congress has set aside exclusively for the administrative agency." *SEC* v. *Chenery Corp.,* 332 U. S. 194, 196 (1947). "The Court, it is true, has power 'to affirm, modify, or set aside' the order of the

by the Supreme Court of the United States upon certiorari or certification as provided in sections 346 and 347 of Title 28."

[4] We do not find the reasons stated by the Court of Appeals, largely that the Commission "has been long on notice" that data supporting the claimed existence of shortage was necessary, to be in the circumstances presented sufficient justification for the court's order.

Commission 'in whole or in part.' . . . But that author-
ity is not power to exercise an essentially administrative
function." *FPC* v. *Idaho Power Co.*, 344 U. S. 17, 21
(1952).

*Fourth.* We are unable to determine with certainty,
from this vantage point and on the partial record now be-
fore us, whether the evidence regarding Transco's actual
shortage with which the instant order is concerned is ab-
solutely essential to a decision by the Court of Appeals
on the issues presently before that court for review. Al-
though Judge MacKinnon in his separate statement was
apparently of the view that it was not, it is at least con-
ceivable that the Court of Appeals could determine that
the lawfulness of the proposed compensation scheme is
partially a function of the actual severity of the short-
age. Cf. *FPC* v. *Louisiana Power & Light Co., supra.*
Accordingly, the court below is free on remand either to
proceed to the merits of the issues presented by the
compensation scheme and only thereafter deal with the
adequacy of the record in regard to the evidence of
shortage, or immediately to remand the case to the Com-
mission for the required inquiry. It is apparent that
under neither alternative need the Court of Appeals' abil-
ity fully and effectively to review the administrative
process regarding the implementation of curtailment
plans and their underlying factual premises be
relinquished.

*Fifth.* In light of the immediacy of the natural gas
shortage problem with which the Commission is attempt-
ing to cope, the already protracted nature of review pro-
ceedings in this case, and the potential importance of a
resolution on the merits of the compensation issues
presented by the instant case,[5] swift and priority con-

---

[5] See *Mississippi Pub. Serv. Comm'n* v. *FPC*, 522 F. 2d 1345 (CA5
1975).

sideration of this case by the Court of Appeals on remand is merited.

Accordingly, the petition for certiorari is granted, the order of the Court of Appeals is vacated, and the case is remanded to that court for further proceedings consistent with this opinion.

*It is so ordered.*

MR. JUSTICE STEWART and MR. JUSTICE POWELL took no part in the consideration or decision of this case.