**INDIANA & MICHIGAN ELECTRIC COMPANY, Petitioner,**

v.

**FEDERAL POWER COMMISSION, Respondent, Indiana Statewide Rural Electric Coop, Inc., et al., Intervenors.**

**No. 74–1844.**

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 25, 1975.

Decided Feb. 12, 1976.

Peter J. Schlesinger, New York City, for petitioner.

Richard Oliver, Atty., F. P. C., Washington, D. C., for respondent. Drexel D. Journey, Gen. Counsel, F. P. C., Robert W. Perdue, Deputy Gen. Counsel; Allan Abbot Tuttle, Sol. F. P. C. and John R. Staffier, Atty., F. P. C., at the time the brief was filed, were on the brief for respondent.

William C. Wise, Washington, D. C., with whom David S. Richey, Lebanon, Ind., was on the brief for intervenors.

Before DANAHER, Senior Circuit Judge, LEVENTHAL, Circuit Judge and VAN PELT,* United States Senior District Judge for the District of Nebraska.

PER CURIAM:

This case concerns the question whether the Federal Power Commission's orders are a mis-application of the *Sierra Pacific-Mobile* doctrine.[1]

Acting under § 205 of the Act [16 U.S.C. § 824d], the Commission originally permitted Indiana & Michigan Electric Co. to file increased wholesale rates for electric energy for both city and rural cooperative purchasers. Petitions to review were filed in 1972 by Richmond Power and Light of the City of Richmond, Indiana (Richmond), Anderson Power and Light of the City of Anderson, Indiana (Anderson), and Indiana Statewide Rural Electric Cooperative, Inc. (Indiana Statewide). Due to illness of Indiana Statewide's counsel, this court first gave consideration solely to the consolidated petitions of Richmond and Anderson. On May 23, 1973, our *Richmond*[2] opinion held that the Commission's action approving Indiana & Michigan Electric's increase as to the cities was a violation of the *Sierra Pacific-Mobile* doctrine. In January, 1974 the Commission filed a petition in the docket opened by the still pending Indiana Statewide petition, and asked for a remand of the record so it could apply the teachings of our *Richmond* opinion. This court granted that motion. The Commission in June 1974 held that under our *Richmond* opinion Indiana & Michigan Electric had no right to make a filing increasing its electric energy rates to the cooperatives in the absence of an order entered by the Commission under section 206 [16 U.S.C. § 824e] of the Act. Rehearing was denied. The Commission ordered a refund of the increases collected by Indiana & Michigan Electric, and the refund was made.

There is an initial question as to jurisdiction. Under the Federal Power Act, section 313 [16 U.S.C. § 825*l*], the filing of a petition to review a Commission order gives the circuit court of appeals jurisdiction in the premises. That jurisdiction is concurrent with the continuing jurisdiction of the Commission until the record is filed. Once the record is filed, the court's jurisdiction is exclusive. The Indiana & Michigan Electric memorandum argues that since this court had acquired exclusive jurisdiction in 1972, the Commission's 1974 order was beyond its jurisdiction, and that the Commission's sole function on the remand was to make a recommendation to the court.

In our view, the court's remand of the record was intended to give the FPC authority to issue an order for application of the *Richmond* doctrine, for that was the FPC's clear purpose in seeking the remand of the record. The court retained jurisdiction on remand, as appears from rule 13 of its general rules, but that remand can provide, expressly

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. *F.P.C. v. Sierra Pacific Power Co.,* 350 U.S. 348, 76 S.Ct. 368, 100 L.Ed. 388 (1956), *United Gas Pipe Line Co. v. Mobile Gas Service Corp.,* 350 U.S. 332, 76 S.Ct. 373, 100 L.Ed. 373 (1956).

2. *Richmond Power and Light [of the City of Richmond, Indiana] et al. v. FPC,* 156 U.S.App. D.C. 315, 481 F.2d 490, *cert. denied sub nom., Indiana and Michigan Electric Co. v. Anderson Power and Light [of the City of Anderson, Indiana]* 414 U.S. 1068, 94 S.Ct. 578, 38 L.Ed.2d 473 (1973).

**1062**

or impliedly, for agency jurisdiction to issue an order in the premises. If such agency jurisdiction is provided, the situation becomes one of concurrent jurisdiction, just as there is concurrent jurisdiction in agency and court when a petition to review has been filed and the record has not yet been filed. Ordinarily, if the court intends that a remand of the record shall be limited so as to withhold agency jurisdiction to enter an order, it will make that purpose clear, as by stating in the order that the record is remanded for the purpose of an agency report (or hearing and report) to the court. There would have to be substantial justification for withholding from the agency the authority to provide further consideration on the basis of the new evidence. *FPC v. Transcontinental Gas Pipe Line Corp.*, 423 U.S. 326, 96 S.Ct. 579, 46 L.Ed.2d 533, 44 LW 3413 (1976).

■ The Indiana & Michigan Electric Co. had of course the right to file a petition to review the order entered by the Commission in 1974. We have considered its petition to review, and on the merits we affirm. The Commission's reasoning is set forth in its opinion. It suffices to say that this is a matter in which the Commission has some latitude to interpret the contracts.[3] Its 1974 opinion reflects a reasonable course in applying our *Richmond* opinion to the contracts of the cooperatives, and its orders are

*Affirmed.*

---

**3.** *Gulf States Utilities Co. v. FPC*, 171 U.S.App. D.C. 57, 518 F.2d 450, 457 (1975).