**HILT TRUCK LINE, INC., Petitioner,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Respondents,**

and

**Momsen Trucking Co., Intervenor-Respondent.**

**No. 79–1082.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1979.

Decided Sept. 25, 1979.

---

Richard A. Peterson, Peterson, Bowman, Swanson & Johanns, Lincoln, Neb., on brief, for petitioner.

Mark L. Evans, Gen. Counsel, Kenneth G. Caplan, Deputy Associate Gen. Counsel, and Denise M. O'Brien, Atty., I. C. C., Washington, D. C., on brief for respondents.

Marshall D. Becker, Stern & Becker, Omaha, Neb., on brief, for intervenor-respondent, Momsen Trucking Co.

Before GIBSON, Chief Judge, and HEANEY and ROSS, Circuit Judges.

PER CURIAM.

Hilt Truck Line seeks to set aside an order[1] of the Interstate Commerce Commission requiring it to cease and desist from the transportation of green, salted, brine-cured hides. The Commission found that transportation of the hides did not come within the scope of the permits held by Hilt and thus violated 49 U.S.C.A. § 10921 (1979).[2]

Hilt held permits to transport "junk, scrap and waste materials." The administrative law judge initially determined that the hides in question fell within the permit description of "scrap." On September 6, 1978, Division 2 of the Appellate Division of the Commission disagreed with the administrative law judge. The Commission found that hides have "substantial economic value" and "are not chips, cuttings, fragments or small pieces of raw materials cut away in the manufacturing process." It then concluded that a cease and desist order should be issued. The Commission denied Hilt's petition for review of this order on December 6, 1978.

Hilt contends that the Commission's decision contravened the substantial evidence of the record, was contrary to precedent of other Commission rulings, and was therefore clearly erroneous, arbitrary and capricious. The construction by the Commission as to a meaning of its permits "is controlling on the courts unless clearly erroneous." *Andrew G. Nelson, Inc. v. United States*, 355 U.S. 554, 558, 78 S.Ct. 496, 499, 2 L.Ed.2d 484 (1958). In *Dart Transit Co. v. United States*, 567 F.2d 818, 820 (8th Cir. 1977), we stated: "The Commission was specifically created for issuing carrier permits and is the body best suited to determine the extent and coverage of those permits. Its construction is controlling on the court unless its orders are clearly erroneous, arbitrary or capricious."

Applying this standard, the Court in *Nelson* found "the plain meaning of words in a commodity description is controlling in the absence of ambiguity or specialized usage in the trade." 355 U.S. at 557, 78 S.Ct. at 498. In the present case we find that the Com-

1. *Hilt Truck Line, Inc., Investigation and Revocation of Certificate*, No. MC–C–8778 (ICC Div. 2, served Oct. 5, 1978), *aff'd mem.*, No. MC–C–8778 (ICC Div. 2, served Dec. 26, 1978).

2. 49 U.S.C.A. § 10921 (1979) (corresponds to Interstate Commerce Act of 1887, ch. 104, 24 Stat. 379, as amended by Motor Carrier Act of 1935, ch. 498, pt. II, § 206, 49 Stat. 551) provides:

Except as provided in this subchapter or another law, a person may provide transportation or service subject to the jurisdiction of the Interstate Commerce Commission . . only if the person holds the appropriate certificate, permit, or license issued under this subchapter authorizing the transportation or service.

mission's determination that the term "scrap" and the terms "junk or waste materials" did not include hides within their plain meaning is controlling in the interpretation of Hilt's permits.

Petitioner Hilt, also contends that the Commission overruled without adequate explanation past Commission decisions involving Hilt's authority to transport "scrap." In its opinion, the Commission found that it had never before specifically addressed the question of whether or not the hides in question were included in the term "scrap," and made specific findings to support its interpretation. The basis for the Commission's decision is consistent with a reasonable and logical interpretation of the language used in the permits at issue and was "set forth with such clarity as to be understandable." *SEC v. Chenery Corp.*, 332 U.S. 194, 196, 67 S.Ct. 1575, 1577, 91 L.Ed. 1995 (1947). *See FPC v. Transcontinental Gas Pipe Line Corp.*, 423 U.S. 326, 333, 96 S.Ct. 579, 46 L.Ed.2d 533 (1976).

We find that the Commission's action was neither arbitrary, capricious nor an abuse of discretion and in fact was a reasonable construction of the permits in question.

The Commission's order is affirmed.