**UNITED STATES of America,**

v.

**Richard CRESWELL, Defendant.**

**No. 76 CR 785(S).**

United States District Court,
E. D. New York.

June 8, 1981.

Edward R. Korman, U. S. Atty., E. D. N. Y., by Arlene Lindsay, Asst. U. S. Atty., Brooklyn, N. Y., for United States.

Podvey & Sachs, P. C., by Alan Silber, Newark, N. J., for defendant.

## MEMORANDUM AND ORDER

SIFTON, District Judge.

Defendant in this action is charged with a single count indictment of conspiracy to import substantial quantities of what is referred to in the indictment as "hashish oil (marijuana)" from Nepal. The indictment alleges that the substance which defendant

conspired to import was at the time of the importation a Schedule I controlled substance pursuant to the schedules set forth in 21 U.S.C. § 812(c).

Defendant now moves for dismissal of the indictment on the grounds that the Administrator of the Drug Enforcement Agency has failed to follow the statutorily prescribed procedures regarding the classification of controlled substances as set forth in the Controlled Substance Act, 21 U.S.C. §§ 801 et seq.

In making this argument, defendant specifically states that he is not claiming that the Controlled Substance Act itself is unconstitutional, that Congress' original classification of marijuana as a Schedule I drug was unconstitutional, that there was an unlawful or unconstitutional delegation of authority by Congress to the Administrator in the provisions of the statute authorizing the Administrator to reclassify drugs, or that the Administrator has erred in failing to semi-annually update and republish the schedules of controlled drugs.

Recognizing that the only other relevant obligation which the Administrator has under the statute is to amend the schedules on the petition of an interested party, 21 U.S.C. § 811(a), and that he himself has not filed or sought to file such a petition, c. f., *United States v. Jones*, 480 F.2d 954, 956 (5th Cir. 1973), defendant bases his claim that he is entitled to dismissal of the indictment on the failure of the Administrator to reclassify marijuana upon the petition of an organization known as the National Organization for the Reform of Marijuana Laws ("NORML").

According to a memorandum of law submitted by defendant's counsel, a petition seeking reclassification of marijuana was filed by NORML with the Bureau of Narcotics and Dangerous Drugs of the Department of Justice in May 1972. This petition

was thereafter rejected on September 1, 1972, on the ground that reclassification would violate United States' treaty obligations. 37 Fed.Reg. 18097, 18098.

On January 15, 1974, the Court of Appeals for the D.C. Circuit reversed the determination of the Director of the Bureau of Narcotics and Dangerous Drugs and remanded the case to the agency for further consideration. *NORML v. Ingersoll*, 497 F.2d 654 (D.C.Cir.1974).

Hearings were thereafter conducted on NORML's petition, according to defendant's papers. NORML's petition was again denied by the administrative agency. 40 Fed. Reg. 44164, 44168. This determination was reversed and the proceedings again remanded to the agency for further proceedings in *NORML v. DEA*, 559 F.2d 735 (D.C.Cir. 1977). Proceedings pursuant to this remand are said by the defendant to still be incomplete.

■ There is little question that defendant has standing to seek review of the actions of the Administrator of the DEA in failing to grant NORML's petition, since he is, within the meaning of 5 U.S.C. § 702, according to his allegation, "a person adversely affected or aggrieved by agency action." Had NORML's petition been granted and marijuana reclassified prior to the date of the alleged conspiracy, defendant would either not have been prosecuted for the identical offense or might have been subjected to a lesser penalty.[1]

■ However, although defendant has standing to complain of the DEA's inaction on NORML's petition, the complaints he may raise in this Court are limited to those raised in the NORML proceeding. *See Federal Power Commission v. Transcontinental Gas Pipe Line Corp.*, 423 U.S. 326, 331, 96 S.Ct. 579, 582, 46 L.Ed.2d 533 (1976); *Unit-*

---

1. Some question does exist as to whether defendant has standing to litigate the most forceful argument he presents, namely, that marijuana should be reclassified as a Schedule II drug in light of its alleged "currently accepted medical use." 21 U.S.C. § 812(b)(2). Since marijuana is not classified as a narcotic drug, five years' imprisonment and a $15,000 fine is the maximum penalty which he presently faces. This is the same penalty he would confront if the drug were reclassified as a Schedule II drug. *United States v. Kiffer*, 477 F.2d 349, 356 (2d Cir. 1973).

ed States ex rel. Barbour v. District Director of Immigration and Naturalization Service, 491 F.2d 573, 576–77 (5th Cir.), cert. denied, 419 U.S. 873, 95 S.Ct. 135, 42 L.Ed.2d 113 (1974); California Interstate Tel. Co. v. F. C. C., 328 F.2d 556, 559 (D.C. Cir.1964).

■ One must, therefore, first determine precisely what claim defendant is raising in this action. In that connection, since reclassification of marijuana by the administrative agency subsequent to the date of the alleged offense would, in no way, relieve defendant of the criminal responsibility for his acts, United States v. Jones, supra; and see 21 U.S.C. § 812(c) ("Schedules I, II, III, IV, and V shall, unless and until amended pursuant to § 811 of this title, consist of the following.... (10) Marihuana"), defendant's claim must be interpreted either as a claim that any reclassification should be retroactive to the 1974–75 period of time encompassed on the charges contained in the indictment or as a claim that as of that date amendment by DEA was mandated.

Nothing in the papers filed on this motion suggests that NORML has ever made such an argument, either before the administrative agency or before the Court of Appeals. Certainly, no such claim was made before the D.C. Circuit Court of Appeals in either of the cases in which NORML sought review of the agency's actions. NORML v. Ingersoll, supra; NORML v. DEA, supra. No claim was made in those proceedings that action by the agency had, as of 1974 or 1975, been unreasonably delayed. 5 U.S.C. § 706(1). No request appears to have been made before the Court of Appeals for immediate relief pursuant to 5 U.S.C. § 705. Retroactive relief is barred by the "unless and until" language of 21 U.S.C. § 812(c).

The fact that NORML did not seek relief of the sort now sought by defendant is a matter of some substance. The Administrator's obligation to reclassify drugs must take into account current facts, including the "current pattern of abuse" and "current scientific knowledge." 21 U.S.C. § 811(c)(3), (4). NORML's effort, as portrayed in defendant's papers, has sought to take advantage of those statutory provisions by constantly presenting the Administrator with the latest information on those subjects. The evidentiary hearing and review sought here would, on the contrary, require an investigation as to the state of the then-current scientific knowledge and abuse in the 1974–75 time period covered by the allegations of the indictment against this defendant. Since the Administrator's attention has not been focused on any particular time period, there can be no assurance that a coherent record has been made. Moreover, an evidentiary hearing at this stage, seeking to reconstruct the facts, would be without legal basis, since its premise would be that the administrative agency erred in deciding issues in fact never presented to it for consideration.

■ Defendant has, in all events, failed to present facts warranting a conclusion that the DEA abused its discretion or unreasonably delayed the proceedings into the 1974–75 period at issue in this criminal action. Rather, defendant's memorandum of law levels these attacks on DEA and HEW activities following the 1977 decision of the D.C. Circuit Court of Appeals. Although, as noted earlier, the NORML petition was first filed in 1972, it was not until 1978, after the ruling in NORML v. DEA, supra, that HEW began to consider scientific and medical evidence. The evidence presented during the 1978 hearings was data that was current at that time and not necessarily available in 1975. Moreover, defendant's contention that DEA has acted arbitrarily or has abused its discretion in failing to reclassify marijuana is unpersuasive. In light of the ongoing vigorous dispute among the experts regarding the existence, if any, of harmful physical or psychological effects of moderate marijuana users, as well as whether or not marijuana has any medical value, it is difficult to characterize a decision not to reclassify as arbitrary.

For the reasons set forth above, defendant's motion to dismiss the indictment is, in all respects, denied.

SO ORDERED.