FEDERAL–HOFFMAN, INC., a
Minnesota corporation,
Plaintiff,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, an Agency of the United States, William K. Kelly, Administrator, U.S. Environmental Protection Agency, and Ronald L. McCallum, Chief Judicial Officer, U.S. Environmental Protection Agency, Defendants.

No. 3–90 CIV 25.

United States District Court,
D. Minnesota,
Third Division.

Nov. 21, 1990.

Harstad & Rainbow by Mark E. Mulhollam, Minneapolis, Minn., for plaintiff.

U.S. Dept. of Justice by Brian J. Plant, Washington, D.C., and U.S. Atty.'s Office by Lonnie F. Bryan, Minneapolis, Minn., for defendants.

## ORDER

ALSOP, Chief Judge.

The above entitled matter came before the court on November 16, 1990 on plaintiff Federal–Hoffman, Inc.'s ("FHI") motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(b). More specifically, FHI has brought this action requesting the court to set aside the final decision of the Chief Judicial Officer ("CJO") of the United States Environmental Protection Agency ("EPA"). The CJO found that plaintiff violated the Resource Conservation and Recovery Act ("RCRA") as amended, 42 U.S.C. §§ 6901–6992k, by placing liquid waste into a landfill without a liner that satisfied the requirements of 40 C.F.R. § 265.314 (1983). FHI also asks this court to dismiss the administrative complaint filed by the EPA against plaintiff or, in the alternative, to reduce the civil penalty assessed against it.

Both parties agree that there are no genuine issues of fact and that therefore this court, if it denies FHI's motion, should enter summary judgment in favor of the EPA.

## I. FACTUAL BACKGROUND

On October 2, 1986, EPA Region V issued a complaint against FHI alleging violations of the Minnesota and federal RCRA programs. The EPA contended that from January 26, 1983 until February 11, 1985, while the Federal Hazardous Waste Program was still in effect in Minnesota, FHI placed "bulk or non-containerized liquid waste, or waste containing free liquids" ("liquid waste") into a landfill that did not have the liner required by 40 C.F.R. § 264.301(a) (1983), in violation of 40 C.F.R. § 265.314(a) (1983). The EPA also asserted that between February 11, 1985 and May 9, 1985, after the State of Minnesota became authorized to administer a hazardous waste program in lieu of the federal program, FHI violated state requirements set forth in Minnesota Rules Part 7045.0638, subp. 7, by placing liquid waste into its landfill. The EPA sought a civil penalty of $77,150.00 for FHI's state and federal RCRA violations.

On August 14, 1987, following a two-day hearing, the Administrative Law Judge ("ALJ") issued an initial decision rejecting the Region's charge that FHI violated federal regulations, but sustaining the charge that FHI violated Minnesota regulations. The ALJ held that because 40 C.F.R. § 265.314 (1983) incorporated the "existing portion" exemption and that FHI's landfill was an "existing portion," there was no federal RCRA violation. However, the ALJ did find that FHI's landfill did not meet the liner requirements set forth in 40 C.F.R. § 264.301 (1983).

Based on the evidence presented at the administrative hearing, the ALJ imposed a civil penalty of $16,554.00 for the Minnesota violation. On appeal, FHI challenged the ALJ's determination that it violated Minnesota hazardous waste requirements. The EPA, in turn, appealed the ALJ's determination that FHI did not violate federal RCRA requirements, and sought dismissal of FHI's appeal on the grounds that it was filed out of time.

On November 15, 1989, the CJO reversed the ALJ's decision and found that Federal–Hoffman had violated the federal RCRA program. In addition, the CJO denied Federal–Hoffman's appeal based on its failure to timely appeal the ALJ's initial decision.

On January 16, 1990, the instant action was filed. The plaintiff asks this court to dismiss the administrative complaint and to set aside the CJO's final decision that held that FHI had violated the federal RCRA program. In the alternative, FHI asks that if this court does find a violation of RCRA, the penalty amount be reduced. FHI ap-

peals only the CJO's decision as to the federal regulations; it does not appeal that portion of the final decision related to the state violation and penalty of $16,554.00.

## II. SCOPE AND STANDARD OF REVIEW

The CJO's Final Decision is final agency action, and review of final EPA administrative decisions falls under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 704–706, and will be held unlawful or set aside only if the challenging party shows that the agency action is unlawful on one of the bases set forth in 5 U.S.C. § 706(2)(A)–(F). Of these bases, plaintiff particularly points out that the court can set aside agency action, findings, and conclusions when they are found to be:

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege, or immunity;

[or] . . .

(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute . . .

Administrative Procedure Act, 5 U.S.C. § 706(2) (1966).

FHI's argument essentially relies on three grounds. It argues that the administrative complaint should be set aside because: 1) the CJO incorrectly interpreted 40 C.F.R. § 265.314 (1983); 2) the ALJ and the CJO improperly found that the evidence adduced at the administrative hearing supported EPA's contention that FHI disposed of liquid waste into a landfill with a permeable liner; and 3) the conflicting regulatory interpretations of the ALJ and the CJO render the regulations at issue vague and therefore the civil penalties should be reduced.

■ The Supreme Court has held that review of agency actions should be on the agency's record, not on the new record made in the reviewing court. *FPC v. Transcontinental Gas Pipe Line Corp.*, 423 U.S. 326, 331, 96 S.Ct. 579, 582, 46 L.Ed.2d 533 (1976). In the absence of statutory authority to the contrary, a *de novo* review of administrative action is not to be presumed under the APA. *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 619 n. 17, 86 S.Ct. 1018, 1026 n. 17, 16 L.Ed.2d 131 (1966).

■ The construction adopted by the agency that has been charged with administration of a statute is entitled to substantial deference. *Chemical Mfrs. Ass'n v. NRDC*, 470 U.S. 116, 125, 105 S.Ct. 1102, 1107, 84 L.Ed.2d 90 (1985). Where different interpretations of a statute are plausible, so long as EPA's construction is reasonable, the court may not substitute its own interpretation for that of the agency. *Chevron USA, Inc. v. NRDC*, 467 U.S. 837, 844–45, 104 S.Ct. 2778, 2782–83, 81 L.Ed.2d 694 (1984).

In this regard, the Eighth Circuit Court of Appeals has explained:

If the question involves specialized knowledge of the agency and Congress has vested the agency with discretion in a technical area, the courts should recognize the agency's presumed competence and expertise and uphold the agency's conclusion so long as it is rationally based.

*Maloley v. R.J. O'Brien & Assoc., Inc.*, 819 F.2d 1435, 1441 (8th Cir.1987); *Brotherhood of Ry. & Airline Clerks v. Burlington Northern, Inc.*, 722 F.2d 380, 381 (8th Cir.1983) ("agency action is arbitrary and capricious only where it is not supportable on any rational basis").

In relation to the claim made by FHI that the record does not support a finding that it discharged liquid waste into a landfill with a permeable liner, this court should sustain the EPA's findings arising out of the administrative hearing if they are supported by "substantial evidence." 5 U.S.C. § 706(2)(E); *see also Marathon Oil Co. v. EPA*, 564 F.2d 1253, 1265–66 (9th Cir.1977). "The record must include 'such relevant evidence as a reasonable mind might accept as adequate to support' the EPA's determinations." 564 F.2d at 1266 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S.

197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)).

## III. ANALYSIS

■ FHI first argues that the administrative complaint should be set aside because the CJO incorrectly interpreted 40 C.F.R. § 265.314 (1983). The EPA alleged, and the CJO found, that from January 26, 1983 to February 11, 1985 FHI violated 40 C.F.R. § 265.314(a) of the interim status regulations by placing liquid waste in a landfill that did not have the impermeable liner specified in 40 C.F.R. § 264.301(a). Section 265.314(a) states:

Special requirements for liquid waste.

(a) Bulk or non-containerized liquid waste or waste containing free liquids must not be placed in a landfill unless:

(1) the landfill has a liner and leachate collection and removal system that meets the requirements of section 264.301(a) of this chapter; or

(2) before disposal, the liquid waste or waste containing free liquids is treated or stabilized, chemically or physically (e.g. by mixing with an absorbent solid), so that free liquids are no longer present.

Section 264.301, a regulation governing permitted landfills, states:

Design and operating requirements.

(a) A landfill (except for an existing portion of a landfill) must have:

(1) a liner that is designed, constructed, and installed to prevent any migration of wastes out of the landfill to the adjacent subsurface soil or groundwater or surface water at any time during the active life (including the closure period) of the landfill. The liner must be constructed of materials that prevent wastes from passing into the liner during the active life of the facility....

FHI contends that a proper reading of 40 C.F.R. § 265.314's incorporation of section 264.301 would be that existing portions of landfills are excluded from the impermeable liner requirement of these sections. Therefore, as there is no dispute that the FHI landfill in question was an "existing portion," FHI would argue it did not violate these sections.

The EPA maintains, and the CJO found, however, that section 265.314 when referring to section 264.301(a) did not incorporate the existing portion language of section 264.301. Rather, section 265.314 in referring to section 264.301 was only incorporating the language in that section referring to the type of liner required.

The CJO found that:

the language of section 265.314(a) is plain and unambiguous: it prohibits disposal of liquid waste in an interim status landfill unless "the landfill has a liner and leachate collection and removal system that meets the requirements of section 264.301(a)." In construing this language, it is important to note that it is the *liner* (and the collection and removal system)—not the landfill—that must meet the "requirements of section 264.-301(a)." In other words, the meaning of "requirements of section 264.301(a)" is derived by reference to the term "liner" not "landfill."

The court agrees with the CJO's interpretation of section 265.314. A plain reading of that statute shows that in referring to section 264.301, it leads the reader to look to the requirements of the liner and leachate collection and removal system set forth in section 264.301(a). It does not, as FHI contends, refer to the existing portion language of landfills in general. In addition, looking at the CJO's opinion and rationale for finding that section 265.314 refers only to the liner requirement language of section 264.301, it is clear the CJO had numerous bases upon which to interpret the statute as he did. Therefore, the court will not overturn the CJO's decision on this ground.

■ Plaintiff next argues that even if the existing portion exemption of section 264.301 does not apply, its landfill met the requirements of section 264.301. As plaintiff explains, the landfill at the FHI site during the time in question had a 12–inch thick recompacted clay liner, subsurface monitoring system, clay sides, leachate collection system, and groundwater monitoring wells. They contend that a liner with such features did not violate section 264.-

301(a)(1). Thus, FHI would argue that the ALJ and CJO's decision that their liner was not impermeable, was not supported by substantial evidence on the record as a whole.

As defendant points out, however, although the regulation itself does not mandate what materials must be used to construct liners, the preamble to the regulation does state that "a clay liner ... does not completely prevent migration [of waste]" and, even if relatively tight, would violate the requirement of 40 C.F.R. § 264.301(a)(1). 47 Fed.Reg. 32,314 (July 26, 1982). FHI has admitted that its liner was recompacted clay. Thus, even if there were no other evidence in the record to support the EPA's claim that FHI's landfill did not contain a liner which prevented migration of liquid waste, the EPA would have met its burden of proof that FHI's liner did not meet the requirements of 40 C.F.R. § 264.301(a)(1) (1983).

In addition, there is evidence in the administrative record to support EPA's claim that FHI's liner did not prevent all migration of waste out of the landfill. First, Darlene Weber, an engineer for the Minnesota Pollution Control Agency, testified at the administrative hearing that her interpretation of the regulation was that a clay liner would not comply with the requirements, and that instead, "the liner requirements would be something more of a synthetic liner that does not allow the waste to permeate into the liner." A.R. Attachment 6 at 102. Other evidence that FHI's liner system did not comply with 40 C.F.R. § 264.301(a)(1) was provided by Dale Helmers, an EPA employee. *See* A.R. Attachment 6 at 156, 181–182, and 187. Based on the administrative record, the court finds that the CJO's decision that the liner system used by FHI did not comply with 40 C.F.R. § 264.301, was supported by substantial evidence on the record as a whole. Therefore, the court will not reverse the CJO's decision on this ground.

■ Finally, FHI argues that the penalty imposed by the CJO for the federal violation should be reduced because of the vagueness of the regulation in question and because of FHI's good faith attempt to comply with the regulations. However, as noted earlier, the regulations in question are not vague. A plain reading of section 265.314 shows that it incorporates the liner requirement of section 264.301(a), but does not incorporate the "existing portion" language of that section. Therefore, the court cannot find that it should reduce the penalty in question on the grounds that the statute is too vague.

■ As to the issue of FHI's good faith attempt to read the regulations, the EPA already took into account FHI's alleged good faith efforts to comply with the statute in calculating the penalty in question. In so doing, the EPA decided that FHI did not deserve a reduction in the penalty amount based on that criteria. After a review of the record, the court cannot find that the CJO's decision as to the penalty was arbitrary and capricious or that it was not based on substantial evidence on the record as a whole. Therefore, the court will not reverse the CJO's imposition of a penalty of $60,596.00 for plaintiff's RCRA violation.

Accordingly, upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED That:

1. The CJO's decision dated November 16, 1989, is AFFIRMED in its entirety;

2. Summary judgment is GRANTED in favor of defendant United States Environmental Protection Agency; and

3. The Clerk of Court shall enter judgment as follows:

IT IS ORDERED, ADJUDGED AND DECREED That the complaint of plaintiff Federal–Hoffman, Inc. is dismissed in its entirety and that it have and recover nothing by its action.