**Debbie McCULLOUGH, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner
of Social Security, Defendant.**

**Cause No. NA 98–20–C–H/G.**

United States District Court,
S.D. Indiana,
New Albany Division.

March 6, 2000.

Steven K. Robison, Montgomery, Elsner & Pardieck, Seymour, IN, for plaintiff.

Thomas E. Kieper, Office of the United States Attorney, Indianapolis, IN, for defendant.

## ENTRY ON ORDER TO SHOW CAUSE

HAMILTON, District Judge.

This unfortunate case shows the problems that can arise on judicial review when the Social Security Administration misplaces the claimant's administrative record. Plaintiff Debbie McCullough has sought judicial review of a decision by the Commissioner of Social Security denying her 1991 application for supplemental security benefits under Title XVI of the Social Security Act. After Ms. McCullough filed this action, the Commissioner asked the court to remand the case because he could not locate the administrative record of Ms. McCullough's case. Nearly a year after the remand, the Commissioner announced he had found the record and asked the court to re-open the case.

Plaintiff objected. After a hearing on August 12, 1999, the court re-opened the case but also ordered the Commissioner to show cause why certain actions and inactions on his part did not violate Rule 11(b) of the Federal Rules of Civil Procedure. The Commissioner has responded.[1]

As explained below, the court finds that no sanction under Rule 11 is proper, at least on the court's own motion. However, this case has brought to light some unexpected problems that may arise when the Social Security Administration loses the administrative records of applicants for benefits.

---

1. By separate entry today, the court affirms the Commissioner's denial of benefits under the deferential standard of judicial review that applies under 42 U.S.C. § 405(g).

The administrative record is essential for meaningful judicial review of a decision by the Commissioner. When the Social Security Administration has lost a record for a case on judicial review, the usual remedy is a remand on the Commissioner's own motion "for further action by the Commissioner . . . ." 42 U.S.C. § 405(g) (sentence six). The record in this case shows, however, that "further action" is something of a misnomer. The Commissioner's standard practice in such a situation is simply to wait, making no meaningful affirmative efforts to find the missing file, for a period of six to eight months. Only after that time has passed does the Commissioner begin the slow and burdensome process of reconstructing the missing administrative record. Accordingly, if this court confronts a similar problem in the future, it will consider other options, such as denying remand and retaining jurisdiction to ensure that the case actually receives reasonably prompt attention from the Commissioner. Other courts may wish to consider similar options to keep similar cases from falling between bureaucratic and judicial cracks.[2]

Plaintiff Debbie McCullough originally applied for supplemental security income benefits in 1991. After her application was denied, she sought judicial review. In 1996, Judge Brooks of this court remanded the case to the Commissioner for further consideration of environmental restrictions caused by Ms. McCullough's asthma and related problems. A further hearing before the same administrative law judge resulted in another denial of benefits.

Ms. McCullough again sought judicial review by filing her complaint on February 9, 1998. She served the complaint and summons on February 18, 1998, so that the Commissioner's response would have been due on April 19, 1998. Without objection by Ms. McCullough, the Commissioner filed a notice of initial enlargement of time extending to May 20, 1998, the deadline to respond to the complaint because the United States Attorney did not yet have the administrative record for the case. By May 20th, the United States Attorney still did not have the administrative record, so the Commissioner moved for a further 30 days, until June 19, 1998, to respond to the complaint. Plaintiff's attorney had no objection, and the extension was granted.

On June 4, 1998, however, the Office of Hearings and Appeals of the Social Security Administration sent by telecopy a memorandum to the United States Attorney asking that the case be remanded to the Commissioner because the administrative claim file had been lost. On June 8, 1998, the Answer Staff of the Social Security Administration sent by telecopy a letter to the United States Attorney referring to a lost or inaudible tape from the ALJ's hearing. The United States Attorney staff contacted the Social Security Administration to clear up the basis for the remand and was told the remand was needed because of a lost tape.

On June 11, 1998, the Commissioner filed a motion to remand the case "for further administrative proceedings." The motion stated the Commissioner was "unable to locate the tape of the hearing in the instant action," and that a remand "for further proceedings, including, if necessary, a *de novo* hearing is appropriate." On June 16, 1998, the court granted the motion and remanded the matter to the Commissioner "for appropriate further proceedings," as provided on the order tendered by the Commissioner. The court added a provision that the defendant pay plaintiff's costs in the action.

After the remand, the "Action History" for Ms. McCullough's file has three entries dated June 26, 1998: "Remand Received," "Assigned to Analyst," and, most troubling, "Case Stayed." Ex. 3. The next

---

**2.** The evidence in this record shows that in one eight-month period (December 1998 through July 1999), the Commissioner sought remands in 190 cases nationwide because of lost claim files and/or lost tapes of administrative hearings. See Ex. 2; Tr. 18.

entry in that record came more than six months later. An entry for January 7, 1999, states "Reconstruction Memo," referring to a letter to Ms. McCullough and her counsel seeking help in "reconstructing" missing portions of the file.

Olga Kelley of the Office of Hearings and Appeals testified "We continue looking for the file," see Tr. 56, but such continued efforts appear to have consisted simply of passively waiting to see if the file turns up somewhere in the Social Security file tracking system as having moved from one location to another. There is no indication here of any other effort. According to Kelley, most missing files turn up somewhere in the system within six to eight months, which is why the Social Security Administration does not begin earlier than that the burdensome process of reconstructing the missing record. According to Kelley's testimony, the six to eight month period correlates to backlogs and delays in processing a huge volume of files that arrive in "more than hundreds of tubs daily" at file storage facilities, so that a missing file's arrival in a facility may not be recorded for six to eight months after the file physically arrives in the facility. See Tr. 38.

On April 13, 1999, the Docket and Fies Branch of the Social Security Administration's Office of Hearings and Appeals notified Ms. McCullough and her counsel that the Commissioner was "unable to locate your records," and to expect the local Social Security Office to be in touch to help prepare a duplicate file. Ex. 5. On April 21, the Columbus Office of the Social Security Administration sent SSA Form 3368 to plaintiff's counsel for completion so that healthcare providers could be contacted to obtain further copies of medical records. Plaintiff's counsel returned the forms on May 24, 1999.

In the meantime, however, Ms. McCullough's administrative record was discovered in the files of "court branch one" of the Office of Hearings and Appeals, although it should have been sent originally to "court branch two." The Office of Hearings and Appeals divides court cases between those two branches depending on the geographic location of the court. Although the record here does not show exactly what happened, it appears that for more than a year, while a supposedly extensive search was being made for Ms. McCullough's file, her file was just sitting unnoticed in the other court branch. It was discovered, most likely, when that branch was getting ready to ship older inactive files for deeper storage, and someone noticed that the McCullough file belonged to branch two.

On April 7, 1999, court branch one turned the file over to court branch two. The next day court branch two assigned a staff member to prepare the record for judicial review. The record arrived at the United States Attorney's office on April 29, 1999. The United States Attorney then prepared a motion to re-open this case, and filed that motion on May 19, 1999. The court granted that motion the next day. On May 24, 1999, plaintiff filed an objection to the motion to re-open, citing the inconsistent stances the Commissioner had taken. Plaintiff later asked for a hearing on her objections, which was held on August 12, 1999, and led to the order to show cause now at issue.

In that order, the court ordered the Commissioner of Social Security to show cause why the following conduct did not violate Rule 11(b):

1. Statements made to plaintiff's counsel to obtain his agreement to the initial enlargement of time filed April 20, 1998.

2. Statements made to plaintiff's counsel to obtain his agreement to the motion for enlargement of time filed May 20, 1998.

3. The statements to the court in the Commissioner's Motion to Remand filed June 11, 1998, (a) that the Commissioner "is unable to locate the tape of the hearing in the instant

action," when in fact plaintiff's entire file was missing; and (b) that "remand to the agency for further proceedings, including, if necessary, a *de novo* hearing is appropriate," when in fact the agency's standard operating procedure in such cases called for no further proceedings unless and until the missing file did not surface in the next six to eight months.

4. The Commissioner's prayer for relief in the Motion to Remand "for appropriate further proceedings" when in fact the agency's standard operating procedure in such cases called for no further proceedings unless and until the missing filed did not surface in the next six to eight months.

5. The Commissioner's statement in his Motion to Reopen filed May 19, 1999, that the "transcript" of plaintiff's hearing had been located.

6. The Commissioner's failure to notify plaintiff and her counsel promptly when the file was located on or about April 7, 1999, followed by the Commissioner's request to plaintiff and her attorney for assistance in reconstructing the file that had been found in the meantime.

In his response to the court's order to show cause, the Commissioner has written:

The Commissioner admits that the present case reflects errors on the part of governmental personnel that have extended the time within which the plaintiff ultimately received a judicial review of her case. There is, however, no evidence that any of the errors were intentional or the result of an effort to harass the plaintiff or her counsel. Human mistakes and error, while unfortunate and correctable, are all too often the byproduct of trying to administer any very large social services program or other organization.

Response at 9–10. The court made clear at the hearing, and repeats now, that the accidental loss of a claimant's file is not sanctionable conduct. It is regrettable, but the court recognizes that the Commissioner and his subordinates administer an enormous agency in which human beings make mistakes.

The motions for enlargement of time to respond to the complaint were handled in a routine way between staff for counsel on both sides. Although there was a mistake as to whether what was missing was the hearing tape or the entire record, the court is satisfied that no sanctionable conduct occurred in connection with those motions and plaintiff was not prejudiced by the mistake. Similarly, the court is satisfied that the Commissioner's statement in his May 19, 1999, motion to re-open the case that the "transcript" had been found was a mistake but was not sanctionable.

The more troubling issues are the Commissioner's request for further proceedings when the agency in fact contemplated no action other than essentially just waiting for six to eight months to see if the administrative record might turn up, plus the Commissioner's failure to notify plaintiff's counsel that the administrative record had been discovered at a time when the Columbus office was asking plaintiff's counsel to reconstruct the "lost" record. After learning that plaintiff's file was lost, the Commissioner failed to keep the court and the plaintiff informed accurately and promptly about the expected actions after the requested remand. The Commissioner also failed to keep the court and the plaintiff informed about the Office of Hearings and Appeals' discovery of the file *before* the Commissioner (through a different branch of the OHA) asked plaintiff and her attorney to make substantial efforts to reconstruct a file that had already been found. In fact, the court records technician certified the administrative record on April 20, 1999, one day before the Columbus, Indiana, office sent out forms to Ms. McCullough and her lawyer to ask for their help in reconstructing the "lost" file.

With respect to the issue of "further proceedings" on remand, the Commissioner argues:

> The use of the term "for further proceedings" in the remand order to the agency does not imply that a specific type of adjudicatory proceeding will necessarily be taking place. The term "proceedings," as understood and practiced by the Social Security Administration, includes the agency's efforts to locate and reconstruct, if necessary, the lost or incomplete files. This interpretation of the term "proceeding" is supported by the official procedures, by way of instructions and agency practices. See Exhibit 11 at ¶¶ 2–7.

Response at 18 (citing Kelley Affidavit). The Commissioner further argues that the term "proceeding" is broad enough to include

> all administrative actions necessary to bring the matter back to the Court for a final judgment on the plaintiff's complaint. In the present case those administrative steps included a long-standing administrative process of looking for a misplaced file and attempting to track the same before ordering the time-consuming and burdensome tasks of reconstructing the file.

Response at 19. The Commissioner also points out that the remand order "does not mandate that there be any specific proceeding of any kind," and that the course of any such proceedings is left to the agency's discretion and expertise. Response at 20–21. The Commissioner further contends the reviewing court is "without authority to direct how the agency handled that remanded cause." Response at 21, citing *Travis v. Sullivan*, 985 F.2d 919, 923 (7th Cir.1993), quoting *FPC v. Transcontinental Gas Pipe Line Corp.*, 423 U.S. 326, 333, 96 S.Ct. 579, 46 L.Ed.2d 533 (1976) (per curiam) ("in the absence of substantial justification for doing otherwise, a reviewing court may not, ... proceed by dictating to the agency the methods and procedures, and time dimension of the needed inquiry").

The short answer to the citations of *Travis* and *Transcontinental Gas* is that both cases recognized courts may have "substantial justification" in a particular case for giving an agency specific instructions on proceedings on remand.

If the agency's standard operating procedures call for no action for six to eight months after the remand, that fact may well amount to substantial justification for specific instructions. That fact might also warrant denial of remand, so that the court retains jurisdiction over the case and uses a series of short enlargements of time to answer and to file the administrative record as a means of ensuring that the case is not neglected.

After reviewing this sorry tale of bureaucratic negligence, the court ultimately concludes that none of the mistakes in this case amounts to an actual violation of Rule 11. The request for remand and the order of remand referred to "appropriate further proceedings." The Commissioner notes the "remand order does not mandate that there be any specific proceeding of any kind." Response at 20. Reluctantly, the court agrees. The phrase in the remand order was too vague, in this court's view, for the Commissioner's course of (in)action to have violated the order. This court does not, however, intend to use similarly broad language in the future.

As for the failure by the Office of Hearings and Appeals to keep the left hand informed of what the right hand was doing, when one branch was preparing the newly-discovered record for judicial review while another branch was telling Ms. McCullough and her lawyer they needed to spend time reconstructing the record, the Commissioner acknowledges the situation is "embarrassing for the Commissioner and understandably makes any explanation very difficult." Response at 26. The court agrees. The Commissioner also makes the vague assertion that this occurrence has prompted the Social Security

Administration to "examine" how to prevent such mistakes in the future.

With respect to Rule 11, the Commissioner seeks refuge in the fact that there was no applicable court order, statute, rule, or regulation that required the type of communication the court expected under these circumstances. Response at 26–27. Reluctantly, again, the court agrees. Rule 11 applies only to filings and representations to a federal court. Again, however, that situation can be remedied in the future by retaining jurisdiction and ordering periodic reports on efforts to locate the missing file.

Accordingly, the order to show cause is hereby DISCHARGED. The court will publish this entry, however, so that other courts and claimants may be aware of potential pitfalls when the Commissioner seeks remand because an administrative record is missing.

So ordered.