WHISTLEBLOWER ONE 10683–13W, WHISTLEBLOWER TWO 10683–13W, AND WHISTLEBLOWER THREE 10683–13W, PETITIONERS *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 10683–13W.    Filed September 16, 2015.

This is a so-called whistleblower case brought pursuant to I.R.C. sec. 7623(b)(4). Ps move to compel production of documents and responses to interrogatories (motions). R objects on the ground that the requested information is outside the administrative record compiled by R's Whistleblower Office and is, thus, not discoverable. *Held*: Even were we to agree with R that the Court's scope of review is the administrative record, R cannot unilaterally decide what constitutes that record, and R's response indicates that the purported record is incomplete. *Held*, *further*, we will issue an appropriate order granting the motions.

*Henry Stow Lovejoy*, *Usman Mohammad*, *Bryan C. Skarlatos*, and *Brian C. Wille*, for petitioners.
*David K. Barnes* and *H.R. Roberson*, for respondent.

OPINION

HALPERN, *Judge*: This case is brought pursuant to section 7623(b)(4),[1] appealing respondent's determination not to make an award to petitioners for information provided by them and leading to the recovery of unpaid taxes and other amounts (a so-called whistleblower award). Petitioners move to compel production of documents and responses to interrogatories (motions). Respondent has filed virtually identical responses (responses) to each motion, his sole objection being that the information requested is not contained within his Whistleblower Office's case file (a purported "administrative record") and, therefore, is beyond the scope of discovery. We disagree and will grant the motions.

*Background*

Petitioners filed a whistleblower claim with the Internal Revenue Service (IRS) in 2006, in which they informed the IRS of a tax evasion scheme (TES) carried out by a specific

_____

[1] All section references are to the Internal Revenue Code of 1986, as amended and in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

target corporation (target). Petitioners allege that the information they provided resulted in the IRS (1) investigating certain transactions of the target and (2) initially disallowing the TES. The IRS issued a legal memorandum for general distribution stating that all transactions similar to the TES should not be respected. Petitioners allege that the information they provided led to the issuing of that legal memorandum. With respect to the target, however, they allege that the IRS later reversed course and respected the target's use of the TES. They further allege that the allowance of the TES was part of a larger compromise in which the target agreed to over $50 million of tax adjustments. They also allege that they informed the IRS about a sham debt obligation of the target that was related to the TES. The target claimed an over $20 million loss deduction related to the debt obligation, and petitioners believe the IRS later disallowed that deduction.

The motions seek information as to who within the IRS reviewed the information petitioners provided, information about the IRS investigation into the TES, information about the publishing of the legal memorandum, information related to the IRS investigation into the sham debt obligation, and information related to the amount of collected proceeds. In particular, the motions identify responses to interrogatories 1–6 and document requests 1–5 and 14–16 as either unsatisfactory or not produced by respondent.

In the responses, respondent does not deny any of petitioners' factual allegations. Specifically respondent does not deny that he investigated the target and its use of the TES or that his investigation was the result of petitioners' information. Nor does he deny that there may have been a "compromise" involving numerous issues including the TES that led to the collection of over $50 million. Similarly, he does not deny the disallowance of the loss deduction related to the sham debt obligation.

## *Discussion*

Section 7623 provides for awards to those individuals (i.e., whistleblowers) who provide information to the Government about third parties who are underpaying their taxes. Specifically, section 7623(b) provides: "If the Secretary proceeds

with any administrative or judicial action * * * based on information brought to the Secretary's attention by an individual, such individual shall * * * receive as an award at least 15 percent but not more than 30 percent of the collected proceeds * * * resulting from the action (including any related actions) or from any settlement in response to such action." We agree with petitioners that their entitlement to an award turns on two issues: first, whether there was a collection of proceeds, and, second, whether that collection was attributable in some way to the information that petitioners provided.

Rule 70 governs discovery, and paragraph (b) thereof provides that the scope of discovery is "any matter not privileged and which is relevant to the subject matter involved in the pending case." The paragraph further provides: "It is not ground for objection that the information or response sought will be inadmissible at the trial, if that information or response appears reasonably calculated to lead to discovery of admissible evidence". The standard of relevancy in a discovery action is liberal. *See Melea Ltd. v. Commissioner*, 118 T.C. 218, 221 (2002). The information and responses petitioners seek are clearly relevant to petitioners' theory of their case: They are looking for evidence that will prove that one or more collections of proceeds from the target were attributable to the information petitioners provided.

As stated, respondent does not deny petitioners' factual allegations, nor does he argue that the information sought would be irrelevant to the questions of whether there were collections of proceeds and whether those collections were attributable to petitioners' information. Rather, his relevance objection is based solely on a generalized view that our scope of review should be limited to the "administrative record" and the information petitioners seek is outside that record. Respondent's argument is not a sufficient basis to deny petitioners' discovery requests. Even were we to agree with respondent as to the scope of review, he cannot unilaterally decide what constitutes an administrative record. *See Thompson v. DOL*, 885 F.2d 551, 555 (9th Cir. 1989); *Tenneco Oil Co. v. DOE*, 475 F. Supp. 299, 317 (D. Del. 1979). How could evidence related to whether there was a collection of proceeds and whether that collection was attributable to the whistleblower's information *not* be part of any purported

administrative record? Any such evidence goes to the very basic factual inquiries required by section 7623(b). Respondent's lack of direct response to petitioners' motions appears to indicate that the current "administrative record" is incomplete.[2] *See Tenneco Oil Co.*, 475 F. Supp. at 317–318 (allowing discovery to complete the administrative record); *see also Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980) ("The court cannot adequately discharge its duty to engage in a 'substantial inquiry' if it is required to take the agency's word that it considered all relevant matters."); *Ad Hoc Metals Coal. v. Whitman*, 227 F. Supp. 2d 134, 137 (D.D.C. 2002) ("The Court finds that EPA in fact did consider several of the documents that plaintiffs have identified and that the record should be supplemented to add certain documents incorrectly omitted from the administrative record.").

We do not have before us a situation where petitioners want information or want us to review information that was not before the agency at the time it made its decision. *Cf. FPC v. Transcon. Gas Pipe Line Corp.*, 423 U.S. 326, 331 (1976). Nor are we considering a situation where relevant evidence may still need to be developed by the agency. *Id.* at 333. We believe that: (1) the information already exists, (2) is in the IRS' hands, and (3) should be included in an administrative record compiled for purposes of making a determination of petitioners' claim.

There being no further objections before us, and given that we find petitioners' discovery requests relevant to the issues in this case, we will, as stated, grant the motions.

Cognizant of the importance of the confidentiality concerns and disclosure restrictions embodied in section 6103, we will in our order granting the motions include the following rules and restrictions governing pretrial disclosure of returns,

---

[2] Sec. 301.7623–3, Proced. & Admin. Regs., is entitled "*Whistleblower administrative proceedings and appeals of award determinations.*" Para. (e) thereof is headed "*Administrative record*" and states in pertinent part: "The administrative record comprises all information contained in the administrative claim file". Para. (e)(2) thereof describes the content of the administrative claim file. Para. (f) thereof states that the "rule" (section) is effective on August 12, 2014. Neither party mentions the section, and we assume that it is not in effect with respect to petitioners' claim. In any event, we do not purport to interpret the term "administrative record" as used in sec. 301.7623–3, Proced. & Admin. Regs.

return information, and taxpayer return information (all as defined in section 6103(b)(1), (2), and (3)) of third-party taxpayers identified in petitioners' whistleblower claim.

1. Respondent shall designate any documents or other information provided to petitioners and containing returns, return information, or taxpayer return information (all as defined in section 6103(b)(1), (2), or (3)) of third-party taxpayers identified in petitioners' whistleblower claim as confidential information (confidential information) and mark such confidential information as "CONFIDENTIAL—Section 6103 Information Subject to Protective Order".

2. Any person receiving confidential information shall use such confidential information solely for the bona fide purpose of conducting this litigation and not for any other purpose whatsoever. Any failure to comply may expose a person to sanctions and punishment in the nature of contempt.

3. Any confidential information shall not be disclosed directly or indirectly by either petitioners or petitioners' counsel to any person except for the sole purpose of trial preparation and in accordance with the provisions of the protective order.

4. When providing confidential information to other persons for trial preparation, petitioners and their counsel must provide a copy of this order to the person receiving confidential information and inform the person that he or she must comply with the terms of the order. Before providing confidential information, petitioners and their counsel shall obtain the person's signature on a copy of the order, followed by a business or home address of that person at which service of process can generally be made during business hours. Petitioners and their counsel shall retain the signed copy of the order until one year after the decision in this case becomes final.

5. Petitioners, petitioners' counsel, and any other persons who receive confidential information shall, when the resolution of this case becomes final within the meaning of section 7481(a), return all copies of any confidential information to

respondent or certify in writing to respondent the destruction of all confidential information.

*An appropriate order will be issued.*