**Roy HARPER, Jr., Plaintiff–Appellee,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant–Appellant.**

No. 88–3038.

United States Court of Appeals, Fourth Circuit.

Argued June 6, 1988.

Decided Aug. 19, 1988.

Deborah Fitzgerald, Asst. Regional Counsel (Beverly Dennis, III, Chief Counsel, Philadelphia, Pa.; Charlotte Hardnett, Chief, Social Sec. Litigation Div.; Office of the General Counsel, Dept. of Health and Human Services, Washington, D.C.; Henry E. Hudson, U.S. Atty., Alexandria, Va.; Raymond A. Jackson, Asst. U.S. Atty., Norfolk, Va., on brief) for defendant-appellant.

Leonard David Lindauer, Sr., Portsmouth, Va., for plaintiff-appellee.

Before WINTER, Chief Judge, PHILLIPS, Circuit Judge, and NIEMEYER, United States District Judge for the District of Maryland, sitting by designation.

HARRISON L. WINTER, Chief Judge:

Secretary of Health and Human Services Otis R. Bowen (the Secretary) appeals a district court order remanding the social security disability claim of Roy Harper, Jr., for further proceedings. We conclude that the district court's remand order is not a final order within the meaning of 28 U.S.C. § 1291 from which the Secretary may appeal. We therefore dismiss this appeal for lack of jurisdiction.

### I.

After an ALJ decision denying Harper benefits, the Appeals Council of the Social Security Administration declined discretionary review. Harper then filed a complaint in district court challenging the Secretary's determination. The district court first remanded this case to the Secretary on June 3, 1986, on a number of grounds, including the failure to allocate properly the burden of proving residual functional capacity at step five of the Secretary's regulation on evaluation of claims, *citing Hall v. Harris*, 658 F.2d 260 (4 Cir.1981) (once a claimant establishes a prima facie case of disability, the burden shifts to the Secretary to present evidence of the existence of residual functional capacity). *See* 20 C.F.R. § 404.1520(f). On remand, the ALJ again decided that Harper was not entitled to disability benefits. The district court entered a second remand order on December 21, 1987, again citing the ALJ's failure to comply with *Hall v. Harris*. The district court also held that the ALJ erred in mechanically relying on the grids (*see* 20 C.F.R. Part 404, Subpart P, Appendix 2) because claimant Harper presented evidence of both exertional and nonexertional impairments. *See Gory v. Schweiker*, 712 F.2d 929, 930–31 (4 Cir.1983).

### II.

The Secretary appeals this second remand order, concentrating his objections on the first of these two grounds for remand. He contends that once the claimant has proved a prima facie case of disability, proof of the existence of residual functional capacity is twofold: (1) that the claimant had the capacity to perform an alternative job, and (2) that this specific type of job existed in the national economy. He argues that the burden of proving the first element rests on the claimant and he concedes that the burden of proving the second rests on the Secretary. The Secretary argues that the district court misapplied *Hall v. Harris* and thereby improperly shifted to him the burden of proving the first of these two elements. In *Hall v. Harris*, we considered when a claimant who suffers a disability may nevertheless be properly denied benefits and we said:

Once the claimant makes a prima facie showing of a physical impairment which effectively precludes him from returning to his past work, the burden of going forward shifts to the Secretary. The Secretary must then show two things: (1) that the claimant, considering his age, education, work experience, skills and

physical shortcomings, had the capacity to perform an alternative job and (2) that this specific type of job exists in the national economy.

658 F.2d at 264 (citations omitted).

## III.

▮ We must first consider whether we have federal appellate jurisdiction in this case. Federal appellate jurisdiction attaches to final decisions of the district court. 28 U.S.C. § 1291.[1] Our jurisdiction generally depends on the existence of a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.

*Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (internal quotations omitted); *see also Gulfstream Aerospace Corp. v. Mayacamas Corp.,* —— U.S. ——, ——, 108 S.Ct. 1133, 1136, 99 L.Ed.2d 296, 304 (1988). By barring piecemeal appellate review, this rule preserves the district court's independence and protects parties from the harassment of separate appeals of individual rulings. *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981). As a corollary to this rule, generally "remand orders in Social Security cases are not final, appealable orders." *Guthrie v. Schweiker,* 718 F.2d 104, 106 (4 Cir.1983) *(citing Gilcrist v. Schweiker,* 645 F.2d 818, 818–19 (9 Cir. 1981)).

For the purposes of this decision, we note that in certain circumstances a remand order may be appealable when the district court has remanded on the basis of an egregious misstatement of an important point of law. *Compare AJA Associates v. Army Corps of Engineers,* 817 F.2d 1070,

1072–73 (3 Cir.1987) (allowing immediate review of order remanding to administrative agency when an important legal issue is presented for which later appellate review is, as a practical matter, foreclosed), *with Craft v. Wipf,* 810 F.2d 170, 172–73 (8 Cir.1987) (appealability should not hinge on the degree of "factualness" of the issues).

▮ However, several factors militate against appellate review at this stage of this case. Administrative resources would not be appreciably conserved because the Secretary must issue a third decision complying with the district court's second remand instruction that the grids not be applied mechanically in light of evidence of nonexertional impairments. Secondly, the Secretary was informed of a possible error of law in allocating the burden of providing residual functional capacity at the time of the first remand, but did not then seek to appeal the district court's interpretation and application of *Hall v. Harris.* Thirdly, after the second remand order, the Secretary again did not petition the district court to employ the permissive certification procedure of 28 U.S.C. § 1292(b) in this case. That statute provides for immediate appellate review "if the district court is of the opinion that such an order involves a controlling question of law as to which there is a substantial ground for a difference of opinion and that immediate appeal could materially advance the ultimate termination of the litigation." *McDonnell Douglas Finance Corp. v. Pennsylvania Power & Light Co.,* 849 F.2d 761 (2 Cir. 1988).

Most importantly, because we think the district court's decision on remand was consonant with at least the spirit of *Hall v. Harris* and a number of our subsequent decisions,[2] we do not perceive an egregious

---

1. Section 1291 provides, in pertinent part:
   The courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States ... except where a direct review may be had in the Supreme Court.

2. *See, e.g., Foster v. Heckler,* 780 F.2d 1125, 1128 (4 Cir.1986) ("The Secretary, having found Foster unable to perform his past work, has the burden of proving claimant's capacity to per-

form a wide range of light work."); *Higginbotham v. Califano,* 617 F.2d 1058 (4 Cir. 1980) (when prima facie case proven, Secretary must then show claimant has capacity to perform a specific job); *Wilson v. Califano,* 617 F.2d 1050, 1053 (4 Cir.1980) ("Secretary [had] the burden of going forward with ... evidence to establish that claimant had sufficient residual capacity to engage in a specific job"); *Smith v. Califano,* 592 F.2d 1235, 1236 (4 Cir.1979) ("bur-

misstatement of a point of law of sufficient moment to warrant immediate review.[3] *Cf. Mathews v. Eldridge,* 424 U.S. 319, 331, 96 S.Ct. 893, 900, 47 L.Ed.2d 18 (1976) (immediate review of constitutional entitlement to a pre-termination hearing, given colorable claim and the fact that erroneous termination would lead to irreparable injury); *id.* at note 11 ("core principle that statutorily created finality requirements should, if possible, be construed so as not to cause crucial collateral claims to be lost and potentially irreparable injuries to be suffered remains applicable"); *Foremost Guaranty Corp. v. Conununity Savings and Loan, Inc.,* 826 F.2d 1383, 1386 (4 Cir.1987) (interlocutory order appealable if, *inter alia,* it presents a serious and unsettled question upon appeal).

### IV.

■ As a basis for jurisdiction, the Secretary relies upon a Supreme Court decision establishing an exception to the general rule that interlocutory orders are not subject to immediate appellate review. In *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 528 (1949), the Supreme Court decided that interlocutory district court decisions are immediately reviewable as collateral orders if they (1) "conclusively determine the disputed question," (2) "resolve an important issue separate from the merits of the action," and (3) are "effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand,* 437 U.S. at 468–69, 98 S.Ct. at 2458. Recently, the Supreme Court has characterized the collateral order doctrine as

> a "narrow exception," *Firestone* [449 U.S. at 374, 101 S.Ct. at 673], whose reach is limited to trial court orders af-

fecting rights that will be irretrievably lost in the absence of an immediate appeal. . . . To fall within the exception, an order must at a minimum satisfy [the three conditions of *Cohen* ].

*Richardson–Merrell, Inc. v. Koller,* 472 U.S. 424, 430–31, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985).

The Secretary expresses concern that he may never receive an opportunity to appeal the district court's legal decision as to the proper burden of proof. He argues that if he finds Harper eligible for disability benefits pursuant to instructions he believes to be erroneous, he will be unable to appeal his own decision to grant Harper disability benefits.

It is possible that under the existing statutory framework, the Secretary, in that series of events, may still be able to appeal. After remand, the Secretary must file any additional record and decision with the district court, and the district court may then enter judgment affirming, modifying, or reversing the Secretary's judgment. "The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions." 42 U.S.C. § 405(g).

However, we think it unnecessary to decide whether the Secretary could appeal the district court's final decision after remand pursuant to § 405(g). Even if we were inclined to adopt a less pragmatic, more formalistic reading of the finality requirement of § 1291,[4] the Secretary's reliance upon *Cohen* is misplaced. To establish appellate jurisdiction under the collateral order exception, *Cohen* requires more than that an interlocutory order be effectively unreviewable if not immediately appealed. *Cohen* also requires that the purpose of the appeal be to resolve an *important* is-

---

den of going forward and proving that the claimant can perform an alternative job which exists in the national economy shifts to the Secretary").

**3.** The Secretary further argues that his determination of Harper's residual functional capacity is supported by substantial evidence. We of course consider the invitation to reach the ultimate merits of this case to be premature, and so we do not reach this issue.

**4.** In *Newpark Shipbuilding & Repair, Inc. v. Roundtree,* 723 F.2d 399, 401–02 (5 Cir.) (in banc), *cert. denied,* 469 U.S. 818, 105 S.Ct. 88, 83 L.Ed.2d 35 (1984), the Fifth Circuit, sitting in banc, interpreted recent Supreme Court decisions as limiting *Gillespie v. United States Steel Corporation,* 379 U.S. 148, 152, 85 S.Ct. 308, 311, 13 L.Ed.2d 199 (1964) (question of finality deserves a "practical rather than a technical construction").

sue *completely* separate from the merits. *Cf. Miller v. Simmons,* 814 F.2d 962, 966 & n. 8 (4 Cir.) (second *Cohen* requirement not met because district court decision not to appoint counsel was enmeshed in factual and legal issues not wholly separate from merits), *cert. denied,* —— U.S. ——, 108 S.Ct. 246, 98 L.Ed.2d 203 (1987). Here the issue sought to be reviewed is inextricably entwined with the merits so that the *Cohen* exception is inapplicable.

DISMISSED.