Erie **CROWDER**, Plaintiff–Appellee,

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant–Appellant.**

No. 89–2681.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 12, 1989.

Decided March 5, 1990.

David G. Dreis, Legal Action of Wisconsin, Milwaukee, Wis., for plaintiff-appellee.

James L. Santelle, Stephen J. Liccione, Asst. U.S. Attys., Office of the U.S. Atty., Milwaukee, Wis., Michael C. Messer, Dept. of Health and Human Services, Region V, Office of the General Counsel, Chicago, Ill., John F. Cordes, Jr., Matthew M. Collette, Dept. of Justice, Civ. Div., Appellate Section, Washington, D.C., for defendant-appellant.

Before CUDAHY, POSNER, and COFFEY, Circuit Judges.

PER CURIAM.

The general rule is that a judgment by a district court remanding a case to an administrative agency is nonfinal and hence nonappealable, 28 U.S.C. § 1291, unless all that remains to be done on remand is a mechanical or otherwise "ministerial" task, requiring no judgment or discretion. *In re Riggsby,* 745 F.2d 1153, 1156 (7th Cir.1984). We asked the parties to brief the question whether this rule requires us

to dismiss the appeal. The plaintiff, Mrs. Crowder, had sought disability benefits under the Social Security Act, had been turned down by the Social Security Administration on the basis of a general standard applicable to cases of Mrs. Crowder's type, and had sued in federal district court. The district court held the standard invalid and remanded the case for an individualized assessment of Mrs. Crowder's physical capacity for gainful employment. The government appeals the district court's judgment. The judgment arguably is non-final, because the task required of the agency on remand is not a merely ministerial one. In *Finkelstein v. Bowen*, 869 F.2d 215 (3d Cir.1989), cert. granted, —— U.S. ——, 110 S.Ct. 862, 107 L.Ed.2d 947 (1990), a case materially identical to this, the Third Circuit held that such judgments are indeed not appealable. We had earlier reached a contrary conclusion, *Daviess County Hospital v. Bowen*, 811 F.2d 338, 341–42 (7th Cir.1987), as had the D.C. Circuit in *Occidental Petroleum Corp. v. SEC*, 277 U.S.App.D.C. 112, 873 F.2d 325, 328–32 (1988).

We believe *Daviess* and *Occidental* state the better view, and shall therefore adhere to those decisions; the Supreme Court has granted certiorari in *Finkelstein* to resolve the conflict. The reason for our position is intensely practical. If on remand the Secretary awards benefits satisfactory to Mrs. Crowder, she will not bring a suit in federal district court and there will be no mechanism by which the Secretary can obtain appellate review of the district court's order invalidating the general standard on the basis of which it refused her application for benefits. The Secretary might of course decide not to award Mrs. Crowder benefits even if she is entitled to them under the district court's view of the law. She would then bring a fresh suit, leading to a fresh remand. If the Secretary persisted in its refusal to award benefits to her, the district court would hold the Secretary or the pertinent officials in contempt, and they would appeal and might by that route bring up the issue of the legality of the standard for our consideration—contempt is a last-ditch or safety-valve device

for obtaining appellate review of unappealable orders. *United States v. Ryan*, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971). But it is a cumbersome, unseemly route for obtaining appellate review of remand orders in social security cases, especially considering the small stakes in such cases and the resulting burden on the applicant forced to obtain a contempt judgment in order to obtain benefits to which he has been held entitled. For this reason we adhere to our position that an order remanding a case to an agency is final for purposes of 28 U.S.C. § 1291 if it terminates the agency's judicial remedies other than contempt.

We shall therefore not dismiss the Secretary's appeal, but instead process it on the merits in the usual way.