Edward L. RICHARDSON,
Plaintiff–Appellee,

v.

Chuck PENFOLD and Edward Dyer,
Defendants–Appellants.

No. 88–3311.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 4, 1989.
Decided April 19, 1990.

U.S. 678, 693, 98 S.Ct. 2565, 2575, 57 L.Ed.2d 522 (1978); *Rosenfeld v. United States*, 859 F.2d 717, 721 (9th Cir.1988).

Our decision remanded the case for trial; no trial date has yet been set. The award of fees to attorney Lichtenfels is an interlocutory order, the underlying litigation not having wound up, and is appealable now only if it fits within the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949), or the closely related doctrine of practical finality, illustrated by our recent opinion in *Crowder v. Sullivan*, 897 F.2d 252 (7th Cir. 1990). We think the award of fees is appealable, though barely so.

 The merits of the fee award are separate from those of the underlying litigation. Lichtenfels' entire claim is premised on the proposition that she is entitled to fees for her successful appeal *whatever* the ultimate outcome of the case. What is more, there is no chance of her seeking fees for any further services in the litigation, for she withdrew from representing the plaintiff after the appeal, and we understand her to have waived any right to seek retroactive enhancement of her interim fee on the basis of the eventual outcome of the suit. In such a case, *In re Yermakov*, 718 F.2d 1465, 1469 (9th Cir.1983), and *In re Spillane*, 884 F.2d 642, 644–45 (1st Cir.1989), hold that the fee award is appealable as a collateral order, though both are bankruptcy cases and take pains to emphasize the peculiarities of bankruptcy procedure, where orders that would be final in an ordinary litigation may be nonfinal—yet may be treated as final in recognition of their practical finality. *In re Wagner*, 808 F.2d 542, 544–45 (7th Cir.1986); *In re Morse Electric Co.*, 805 F.2d 262, 264 (7th Cir.1986); *In re Saco Local Development Corp.*, 711 F.2d 441, 444 (1st Cir.1983).

If *Yermakov* and *Spillane* cannot be confined to bankruptcy cases, they may seem to drive a big hole through the principle that interim awards of attorney's fees are, in general, not appealable. *Palmer v. City of Chicago*, 806 F.2d 1316, 1317–20

Martin W. Kus, Newby, Lewis, Kaminski & Jones, LaPorte, Ind., J. Moritz Grolimund, Elkhart, Ind., Candice A. Lichtenfels, South Bend, Ind., for plaintiff-appellee.

David L. Steiner, Deputy Atty. Gen., Indianapolis, Ind., for defendants-appellants.

Before POSNER and FLAUM, Circuit Judges, and DUMBAULD, Senior District Judge.*

POSNER, Circuit Judge.

The defendants in a prisoner's civil rights suit appeal from an order awarding attorney's fees under 42 U.S.C. § 1988 to the plaintiff's appellate counsel, Candice Lichtenfels, for her efforts in persuading us to reverse a judgment by the district court dismissing the suit. 839 F.2d 392 (7th Cir. 1988). Technically the award of attorney's fees under section 1988 is to the party, not to his lawyer, but it is common to make the award directly to the lawyer where, as in this case, the lawyer's contractual entitlement is uncontested. *Hutto v. Finney*, 437

---

* Hon. Edward Dumbauld, of the Western District   of Pennsylvania, sitting by designation.

(7th Cir.1986); *Lac Courte Oreilles Band v. Wisconsin*, 829 F.2d 601 (7th Cir.1987) (per curiam); *Sandwiches, Inc. v. Wendy's International, Inc.*, 822 F.2d 707, 710 (7th Cir.1987); *Shipes v. Trinity Industries, Inc.*, 883 F.2d 339 (5th Cir.1989); *Rosenfeld v. United States, supra*, 859 F.2d at 720–22. (*Rosenfeld* was decided after *Yermakov*, but did not cite it, though both are Ninth Circuit cases.) An interim fee award does not cease to be such merely because the attorney receiving the award has withdrawn from the case, although *In re Stable Mews Associates*, 778 F.2d 121, 123 n. 3 (2d Cir.1985), says that this is the critical feature of *Yermakov*. In the case of withdrawal as in the more common case where the same attorney represents a party throughout the litigation, an essential element of the collateral order doctrine is missing. It is missing even though the merits of the award may be distinct from whatever live issues remain on the merits, even though the award may be fixed and definitive, and even though there is no pressing reason to postpone appeal to the end of the case—for there may be no appeal then to consolidate the fee appeal with, and even if they are consolidated, there may be no savings in judicial time if the issues in the fee appeal are indeed separate from and unrelated to those on the merits. The element of the collateral order doctrine that is nonetheless missing is the requirement that postponement of the appeal to the end of the case cause irrevocable harm to the appellant. It is an element rightly regarded as essential. *Mulay Plastics, Inc. v. Grand Trunk Western R.R.*, 742 F.2d 369 (7th Cir.1984); *M.A. Mortenson Co. v. United States*, 877 F.2d 50 (Fed.Cir.1989). For normally there will be *some* economy from consolidation of appeals, and that economy, however small, must outweigh a zero cost of postponement. Anyway, sufficient unto the day is the evil thereof: the case may settle, and any disputes over interim fee awards may be settled too.

But there are exceptions to the general principle that interim fee awards are not collateral orders. *Palmer* illustrates one: the interim award was to a class of prisoners, and the state was understandably concerned that if the award could not be reviewed until the end of the case, the prisoners would have dissipated the money and it would be impossible to recover it. Here the award is being made directly to the prisoner's lawyer, but she is no longer his lawyer and therefore should the award eventually be reversed the defendants may find it necessary to bring an independent action against her to get the fee back. Suppose Richardson goes on to lose on the merits. The state, though it will have won, may want to appeal merely to challenge the interim fee award to Lichtenfels, but neither Richardson nor his final attorney will have any interest in defending the award, and Lichtenfels herself will be neither a party to nor a lawyer in the suit. That is why we suggested it might take an independent suit by the state to get its money back from her. It is simpler, prompter, and quicker to resolve the issue in the present appeal. Difficulty of envisaging the procedure by which an order sought to be reviewed before the end of the litigation could be reviewed then provides a practical reason for allowing an appeal now. *Crowder v. Sullivan, supra*.

Coming at last to the merits, we agree with the defendants that Lichtenfels' request for fees was premature and should not have been granted. This would be even clearer if she were still in the case. To prevail within the meaning of section 1988—and only a prevailing party may recover attorney's fees under that statute—the party must have "prevailed on the merits of at least some of his claims." *Hanrahan v. Hampton*, 446 U.S. 754, 758, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980) (per curiam). The plaintiff in this case is seeking damages for alleged prison brutalities. Unless and until he obtains damages at trial or a positive monetary settlement in lieu thereof, he will not be a prevailing party and his (or his lawyers') entitlement to attorney's fees will be premature. *Hewitt v. Helms*, 482 U.S. 755, 760, 107 S.Ct. 2672, 2675, 96 L.Ed.2d 654 (1987); *Rhodes v. Stewart*, 488 U.S. 1, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988) (per curiam). This is not

to say that fees may never be awarded before a lawsuit is over and done with. They may. *Hanrahan v. Hampton, supra*, 446 U.S. at 757–58, 100 S.Ct. at 1989–90. Once a plaintiff obtains substantive relief that is not defeasible by further proceedings, he can seek interim fees and the district court has the power to award them. But until there is some relief, there can be no award. *Palmer v. City of Chicago, supra*, 806 F.2d at 1320. A procedural victory that may be a way station to utter substantive defeat creates no right to fees. It makes no difference whether the procedural victory is the denial of a motion to dismiss, the denial of summary judgment, the denial of a motion for a directed verdict, appellate reversal of the grant of such a motion (as in *Hanrahan*), or, as in this case, appellate reversal of the grant of summary judgment—for that is the equivalent of a denial of summary judgment and leaves the plaintiff still having to prove his case at trial.

Lichtenfels argues that her claim is different because she was brought in just for the appeal and no longer represents the plaintiff. The only thing she was hired (actually, appointed) to do was to win a procedural victory—a reversal of the grant of summary judgment—and she did win; surely she prevailed. But she is not the party. The question is whether her client prevailed. And from this perspective it can make no difference whether a plaintiff is represented by one lawyer for the entire lawsuit or by a series of different lawyers each handling a different phase of the litigation. The plaintiff's entitlement to attorney's fees (or the lawyers' entitlement, if the plaintiff assigns it to them) is the same. If it were not the same, civil rights plaintiffs would have an incentive to retain a series of lawyers for the case so that all but the last could obtain awards of attorney's fees even if the plaintiff went down to defeat. Civil rights plaintiffs could obtain better lawyers, or the same lawyers on better terms, if they hired a tag team of lawyers, because the latter arrangement would yield a more secure prospect of obtaining fees.

So if Lichtenfels were still in the case she would have to wait until the case was over or at least until the plaintiff incontestably had obtained *some* substantive relief before she could claim any fees. Since she is out of the case she must wait exactly the same length of time, no more, no less, to avoid creating a perverse incentive. The collectibility of her claim is secure (though the claim itself is contingent upon Richardson's obtaining a substantive victory), since if and when the plaintiff obtains a damages judgment, each of his lawyers will have a lien on it for the fee to which that lawyer is entitled. See Ind.Code § 33–1–3–1; *Page v. Schrenker*, 439 N.E.2d 694 (Ind.App. 1982), and for its application to federal litigation. *Clarion Corp. v. American Home Products Corp.*, 464 F.2d 444 (7th Cir.1972) (per curiam). Lichtenfels' claim will be additionally secured by the plaintiff's entitlement to an award of attorney's fees under 42 U.S.C. § 1988.

What this case comes down to is the award by the district judge of attorney's fees to a party (or rather the party's assignee, the lawyer) who has not in fact prevailed. There is no authority to make such awards.

REVERSED.