CUDAHY, Circuit Judge.
 

 The parties to this bankruptcy appeal carefully briefed the intricate details of this case, but for naught. It turns out their
 
 *1076
 
 appeal is premature, and we therefore dismiss the case for want of appellate jurisdiction.
 

 The bankruptcy before us has already had a long and tortured history, without any apparent movement toward resolution of the merits. The debtor, Wayne J. Klein, entered involuntary bankruptcy under Chapter 7 in December 1986, and llene Goldstein was appointed interim trustee. She was later elected permanent trustee at the first creditor meeting. In May 1987, the debtor moved for conversion to a Chapter 11 proceeding and the bankruptcy court approved. Goldstein was again appointed trustee, a position she held until June 1989.
 

 At that time one of the creditors, United States Fidelity
 
 &
 
 Guaranty Company (USF & G), requested that the case be reconverted to Chapter 7. The bankruptcy court again agreed, and reappointed Goldstein interim trustee. A new “first meeting” of the creditors brought about a new election for permanent trustee. This time USF & G (which controlled enough votes to decide the election itself) rejected Goldstein, substituting its own candidate and voting him in as trustee. Goldstein objected, complaining that USF & G was not qualified to vote under section 702(a) of the Code. She argued primarily that USF & G maintained an interest “materially adverse ... to the interest of creditors entitled to such distribution....” 11 U.S.C. § 702(a)(2).
 

 USF & G filed a motion with the bankruptcy court to confirm the election results. 11 U.S.C. Rule 2003. After a three week trial the bankruptcy judge found in Gold-stein’s favor, disqualifying USF & G as a voter and inserting Goldstein as the permanent trustee. USF & G appealed that decision to the district court, which reversed the bankruptcy judge’s conclusion with regard to USF & G’s voting qualifications. 119 B.R. 971. It is from that order that Goldstein now appeals.
 

 The facts and law involved in this case are hotly disputed, as indicated by the differing opinions of the two judges to hear it thus far. Complicating the case further is the simultaneous bankruptcy of Klein’s company, Klein Construction Company, and the overlap of creditors between the two estates. Nevertheless, we cannot pass on the merits of the case unless we have jurisdiction resulting from the entry of an ap-pealable order by the district court. The parties did not initially address the issue whether the district court’s order was ap-pealable as of right. We requested supplemental briefing on the point, and conclude that it was not.
 

 Whether the confirmation of a trustee election under Chapter 7 of the Bankruptcy Code is an appealable order is a question of first impression in this circuit and is of some novelty among federal courts generally. Among reported cases, we find only two attempted appeals to courts of appeals seeking review of judicial action with respect to trustee elections. The D.C. Circuit gave the jurisdictional issue in such an appeal consideration in
 
 In re St. Charles Preservation Investors, Ltd.,
 
 916 F.2d 727 (D.C.Cir.1990), deciding that election confirmations are not appealable as of right. The Ninth Circuit apparently took the opposite view of the same question, but without any discussion of its jurisdiction.
 
 In re Oxborrow,
 
 913 F.2d 751 (9th Cir.1990).
 

 This circuit has, on the other hand, encountered a similar and rather analogous question in its review of appointments of trustees under Chapter 11, with somewhat mixed results. In
 
 In re Cash Currency Exchange, Inc.,
 
 762 F.2d 542, 546-48 (7th Cir.1985), we determined that the appointment of a trustee under 11 U.S.C. § 1104 (1982) was not appealable as of right. That same term, however, we took jurisdiction over a similar case, this one involving the appointment of an interim trustee under 11 U.S.C. § 303(g).
 
 In re Reid,
 
 773 F.2d 945 (7th Cir.1985). Although the majority in
 
 Reid
 
 did not discuss jurisdiction, the dissenting judge pointed out that the order’s appealability was in doubt.
 
 See id.
 
 at 949 n. 1 (Wood, J., dissenting) (expressing reservation about our appellate jurisdiction). As a result of the conflict between
 
 Cash Currency
 
 and
 
 Reid,
 
 the appealability of trustee appointments in Chapter 11 pro
 
 *1077
 
 ceedings appears to be an open question in this circuit.
 
 [1]
 

 In matters of bankruptcy, this court generally has authority to review three categories of decisions: we can hear appeals from final judgments, pursuant to 28 U.S.C. § 158(d),
 
 In re Unroe,
 
 937 F.2d 346, 348-49 (7th Cir.1991); we can, in our discretion, review interlocutory orders certified by the district court for appeal under § 1292(b),
 
 In re Jartran, Inc.,
 
 886 F.2d 859, 864-65 (7th Cir.1989); and we can review those dispositions which qualify as collateral orders under the doctrine of
 
 Cohen v. Beneficial Indus. Loan Corp.,
 
 337 U.S. 541, 546, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949). As appellant did not seek certification for appeal of the instant order from the district court, we need address only the first and third categories of jurisdiction.
 
 [2]
 

 “The statutory requirement of a ‘final decision’ means that ‘a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits.’
 
 Firestone Tire & Rubber Co. v. Risjord,
 
 449 U.S. 368, 374 [101 S.Ct. 669, 673, 66 L.Ed.2d 571] (1981).”
 
 Richardson-Merrell Inc. v. Koller,
 
 472 U.S. 424, 429-30, 105 S.Ct. 2757, 2760-61, 86 L.Ed.2d 340 (1985). The finality requirement is read much more flexibly in bankruptcy proceedings, due to the extended nature of those proceedings and the large number of parties involved.
 
 In re Szekely,
 
 936 F.2d 897, 899-90 (7th Cir.1991);
 
 In re Powelson,
 
 878 F.2d 976, 980 (7th Cir.1989);
 
 Committee of Dalkon Shield Claimants v. A.H. Robins Co.,
 
 828 F.2d 239, 241 (4th Cir.1987). In
 
 In re Riggsby,
 
 745 F.2d 1153, 1156 (7th Cir.1984), we announced the test that a district court order would not be final “if the decision remands the case to the bankruptcy judge for significant further proceedings. ...”
 

 In determining finality for appellate review, it is important to distinguish between the bankruptcy court’s order and the district court’s review of that order. A final order of the bankruptcy court might become nonfinal after district court action; for example, where the district court reverses the bankruptcy judge’s decision to dismiss a complaint objecting to a discharge of the complainant’s debt, the dismissal was final but the reversal was not.
 
 Riggsby,
 
 745 F.2d at 1155-56. We have appellate jurisdiction, therefore, only over orders which are final as they are issued by the district court.
 
 See also Cash Currency,
 
 762 F.2d at 546;
 
 cf. In re Continental Airlines, Inc.,
 
 932 F.2d 282, 285-86 & n. 2 (3d Cir.1991) (applying contrary rule and describing positions of other circuits).
 

 The decision of the bankruptcy court not to confirm the election of a trustee in a Chapter 7 matter — allowing the interim trustee to become permanent — is not a final order under our precedents. Such an order did not resolve the substantive rights of the parties in any way, but merely decided one procedural question along the way. Neither does such an order mark the conclusion of what, but for the bankruptcy, would be the equivalent of a stand-alone suit.
 
 Szekely,
 
 936 F.2d at 899-90;
 
 accord Unroe,
 
 937 F.2d at 348-49. The district court apparently chose to exercise its jurisdiction over this interlocutory order from the bankruptcy court under 28 U.S.C. § 158(a),
 
 see Jartran,
 
 886 F.2d at 865, but such review alone does not confer finality on the district court’s action for purposes of appeal to us. The district court’s reversal and confirmation of the election leaves the bankruptcy court with a significant number of matters to resolve; in fact, nearly the entire bankruptcy pro
 
 *1078
 
 ceeding still lies ahead. We have previously held, contrary to the Third Circuit, that we will look to the controversy in general (and not merely the discrete issue before the district court on appeal) to decide how much remains for the bankruptcy court to do after remand.
 
 Riggsby,
 
 745 F.2d at 1155 (disagreeing with
 
 In re Marin Motor Oil, Inc.,
 
 689 F.2d 445, 448 (3d Cir.1982)). Even under the flexible rules for finality in bankruptcy, we cannot find this order ap-pealable under § 158(d).
 
 Accord In re St. Charles Preservation Investors, Ltd.,
 
 916 F.2d 727 (D.C.Cir.1990).
 
 [3]
 

 The appellant also claims this order was collateral, within the meaning of
 
 Cohen.
 
 That exception to the final judgment rule allows appeals to be taken from orders which meet three prerequisites. “[T]he order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment.”
 
 Coopers & Lybrand v. Livesay,
 
 437 U.S. 463, 468, 98 S.Ct. 2454, 2457-58, 57 L.Ed.2d 351 (1978) (footnote, citations omitted);
 
 see also Richardson-Merrell,
 
 472 U.S. at 431, 105 S.Ct. at 2761. While the district court’s order might meet the first requirement, we have serious reservations whether it satisfies the second and third conditions.
 

 We have previously noted that the second and third
 
 Cohen
 
 factors overlap in part,
 
 Palmer v. Chicago,
 
 806 F.2d 1316, 1318-19 (7th Cir.1986),
 
 cert. denied
 
 481 U.S. 1049, 107 S.Ct. 2180, 95 L.Ed.2d 836 (1987), but that the two prongs essentially incorporate a requirement of irreparable harm stemming from a denial of immediate appeal,
 
 id.; Powelson,
 
 878 F.2d at 981;
 
 see also
 
 9
 
 Moore’s Federal Practice,
 
 11110.10, at 73 (2d ed. 1991). Here the appellant can point to no rights irretrievably lost if we deny jurisdiction. The harm that she suggests will be irreparable, Appellant’s Supp. Br. at 15, is the effect on the parties of a possible reversal of the trustee election at the end of the completed proceeding: the need for an entirely new bankruptcy proceeding. The Supreme Court has rejected this justification for an exception to the final judgment rule.
 

 In
 
 Richardson-Merrell,
 
 the Supreme Court held that the disqualification of an attorney was not collateral under
 
 Cohen,
 
 notwithstanding the argument that error in the disqualification, recognized only after the merits were concluded, could lead to an entirely new proceeding below. “[T]he possibility that a ruling may be erroneous and may impose additional litigation expense is not sufficient to set aside the finality requirement imposed by Congress. ‘If the expense of litigation were a sufficient reason for granting an exception to the final judgment rule, the exception might well swallow the rule.’" 472 U.S. at 436, 105 S.Ct. at 2764 (citations omitted). We think
 
 Richardson-Merrell
 
 provides an appropriate analogy to this case. A trustee may play a bigger role than one party’s attorney in dictating the course of litigation, but like an attorney the trustee’s actions are, of course, subject to the surveillance of the bankruptcy judge. And while we have previously recognized that the disqualified attorney might possess an interest separate from her client, which independently merits immediate review,
 
 Conticommodity Services, Inc. v. Ragan,
 
 826 F.2d 600, 601-02 (7th Cir.1987) (dictum), the present appeal by the interim trustee does not involve the same distinct interest. Appointed counsel in
 
 Ragan
 
 feared the possibility of receiving no reimbursement for its services, and therefore protested its appointment. Requiring the law firm to await the conclusion of the merits would most likely moot the argument it wished to press, and so we allowed the appeal. The interim trustee possesses no such interest which is both distinct and needful of immediate review.
 

 
 *1079
 
 This result is not, however, without its problems. For example, there may be a possibility that multiple appeals from “final judgments” in an ongoing bankruptcy proceeding might produce inconsistent or conflicting rulings on the election results. Rather than mandating another exception to the final judgment rule, however, this possibility may make recourse to interlocutory certification appropriate in such cases. In an extreme situation a writ of mandamus might even be obtainable.
 
 Cf. Firestone,
 
 449 U.S. at 378-79, 101 S.Ct. at 675-76;
 
 Ragan,
 
 826 F.2d at 602.
 

 The appeal in this case is therefore Dismissed for lack of appellate jurisdiction.
 

 [1]
 

 . Although any line between trustee appointments and elections for purposes of appealability is likely a faint one, we do not consider our decision in this case dispositive of the question on which
 
 Cash Currency
 
 and
 
 Reid
 
 split.
 

 [2]
 

 . Several bankruptcy litigants have attempted to appeal a trustee appointment under the "receivers" provision of 28 U.S.C. § 1292(a)(2), but this court has limited the use of that subsection to the appointment of an equity receiver or the equivalent.
 
 See, e.g., In re Memorial Estates, Inc.,
 
 797 F.2d 516, 520 (7th Cir.1986) (dictum);
 
 Cash Currency,
 
 762 F.2d at 547-48;
 
 see also Reid,
 
 773 F.2d at 949 n. 1 (Wood, J., dissenting). In any event the appellant here does not seek review under section 1292(a)(2). Were an injunction somehow related to a trustee election, we would likely have jurisdiction over that question, under section 1292(a)(1).
 

 [3]
 

 . In order to strengthen her case, the appellant frames the question differently: whether denial of ”[t]he right to contest a creditor’s ability to vote in a trustee election” under section 702 is appealable. The distinction is semantic only. Whether the question is the confirmation of a trustee election or one creditor’s right to question another’s ability to vote in that election, the district court’s decision still resolves no controversy that might stand alone as a separate case outside the bankruptcy. Its effect is procedural only.