Morris TRAVIS, Plaintiff–Appellee,

v.

Louis W. SULLIVAN, Secretary of Health & Human Services, Defendant–Appellant.

No. 91–3933.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 3, 1992.

Decided Feb. 10, 1993.

Charles F. Marlowe, Hammond, IN (argued), for plaintiff-appellee.

John F. Hoehner, U.S. Atty., Robin W. Morlock, Orest S. Szewciw, Asst. U.S. Attys., Office of U.S. Atty., Dyer, IN, Michael C. Messer, Dept. of Health and Human Services, Region V, Office of the Gen. Counsel, Chicago, IL, Barbara C. Biddle, Christine N. Kohl (argued), Dept. of Justice, Civil Div., Appellate Section, Washington, DC, for defendant-appellant.

Before CUMMINGS and MANION, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.

HARLINGTON WOOD, Jr., Senior Circuit Judge.

This appeal concerns a district judge's remand order in a social security disability case. The district judge remanded the plaintiff's case to a new administrative law judge ("ALJ") for fresh findings after plaintiff's case had been in federal district court for over four years, but not before Judge Sharp, without any decision. We affirm the district judge's remand order as modified according to this opinion.

## I. BACKGROUND

Plaintiff Morris Travis applied for social security disability benefits in October 1985. His claim was denied initially and on reconsideration and on appeal before an administrative law judge. The Appeals Council denied his request for review leading to his suit in federal court to review the denial of benefits.

Travis began this civil action in federal district court on June 2, 1987. Both Travis and the Secretary of Health & Human Services ("Secretary") filed motions for summary judgment in December 1987. Travis then filed a motion for remand on May 26, 1988, to take additional medical evidence pursuant to 42 U.S.C. section 405(g).

Travis offered three additional medical reports as justification for a remand. One was a Holter Monitoring report from May 21, 1987; the second was an exercise stress test done on May 22, 1987; and the third consisted of an echocardiographic report from August 3, 1987. Travis alleged in his motion that "This evidence is new material and since it did not exist at the time of the hearing constitutes good cause to reopen the decision." Travis cited, though incorrectly, the sixth sentence of section 405(g) in support of the remand for the taking of additional evidence. The district court did not decide the remand motion, as it also had not decided the summary judgment motions.

The case was then transferred to Chief Judge Sharp on September 16, 1991. Without ruling on any of the aged, pending motions, on October 2, 1991, Chief Judge Sharp ordered the case remanded to "the Secretary with the order to conduct a full and fresh proceeding before a new and different ALJ, who shall make fresh findings with regard to the essential issues involved." In the memorandum and order, the judge based his decision upon "the assertions made by the plaintiff, and the substantial bundle of discretion that reposes in the district judge, coupled with the judicial delay in addressing this case."

The Secretary appealed this order after failing to persuade the judge to reconsider this remand order.

## II. ANALYSIS

A. *Jurisdiction*

 We affirm the district court's remand order, but before we reach the merits, we must explain our basis of jurisdiction because ordinarily a remand order by a district court to an administrative agency is not appealable. This is because on appeal we can review only final decisions of district courts, 28 U.S.C. § 1291, and generally an order by a district court remanding a case to an administrative agency is not final. *Crowder v. Sullivan*, 897 F.2d 252 (7th Cir.1990) (per curiam); *Occidental Petroleum Corp. v. SEC*, 873 F.2d 325, 329 (D.C.Cir.1989). But, in fact, depending

upon the nature of the remand, sometimes a remand order is a final decision for purposes of appeal. *Sullivan v. Finkelstein,* 496 U.S. 617, 623–25, 110 S.Ct. 2658, 2662–64, 110 L.Ed.2d 563 (1990); *Damato v. Sullivan,* 945 F.2d 982, 986 (7th Cir.1992). We characterized similar reasoning as the doctrine of practical finality in *Richardson v. Penfold,* 900 F.2d 116, 117 (7th Cir.1990). In *Richardson,* we held that an order can be appealed if it is final for all practical purposes. *Id.* at 118. Courts have also held that remand orders can be appealed under the collateral order exception to the final decision rule. *Id.; Harper v. Bowen,* 854 F.2d 678, 681–82 (4th Cir.1988); *Doughty v. Bowen,* 839 F.2d 644, 646 (10th Cir.1988); *Huie v. Bowen,* 788 F.2d 698, 702–03 (11th Cir.1986).

Some recent Supreme Court cases address this particular issue of the appealability of remand orders by a district court to an administrative agency. In *Finkelstein,* 496 U.S. at 617, 110 S.Ct. at 2658, the Court held that the Secretary may immediately appeal a remand order of a widow's disability benefits claim which effectively declared invalid a regulation promulgated by the Secretary limiting the inquiry made for widows. The Court, while not deciding the merits of the issue of a widow's residual functional capacity as proof of a disability, held the Secretary could appeal the order because it was a final judgment which was appealable under section 1291 of 28 U.S.C. The Court considered the order a sentence four remand pursuant to section 405(g) of 42 U.S.C. and "unquestionably a 'judgment,' as it terminated the civil action chal-lenging the Secretary's final determination that respondent was not entitled to benefits, set aside that determination, and finally decided that the Secretary could not follow his own regulations in considering the disability issue." *Id.* at 625, 110 S.Ct. at 2664.[1] The Court held the fourth sentence provides for entry of a final, appealable judgment even when the judgment is accompanied by a remand order. *Id.* at 629, 110 S.Ct. at 2666. The Court further recognized that if the Secretary could not appeal the order now, he might not have the chance to do so later. "[S]hould the Secretary on remand undertake the inquiry mandated by the District Court and award benefits, there would be grave doubt ... whether he could appeal his own order." *Id.* at 625, 110 S.Ct. at 2664.

In *Finkelstein,* the Court refused to address the broader question whether remands to administrative agencies are *always* immediately appealable; instead it only decided the appealability of sentence four remands like the one "of the type" entered by the district court. But the Court did offer the general principle that there is "a great variety in remands, reflecting in turn the variety of ways in which agency action may be challenged in the district courts and the possible outcomes of such challenges." *Id.* at 623, 110 S.Ct. at 2663.

In a recent case, *Melknoyan,* — U.S. at ——, 111 S.Ct. at 2157, the Court held that remand orders pursuant to sentence four were final judgments for the purpose of the Equal Access to Justice Act ("EAJA") and an attorney fees application. *Id.* at

---

**1.** The Court identified in *Finkelstein* as further defined in *Melkonyan v. Sullivan,* — U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), two kinds of permissible remands under 42 U.S.C. § 405(g)—a sentence four remand and a sentence six remand. Sentence four of section 405(g) states:

The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the case for a rehearing.

Sentence six of section 405(g) provides:

The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based...

——, 111 S.Ct. at 2165. In that case, a successful applicant for supplemental security income disability benefits sought attorney fees and other expenses under EAJA. The district court in that case had remanded the case to the Secretary "for all further proceedings." The Secretary granted the applicant benefits, but the district court denied the applicant's subsequent petition for attorney fees and other expenses. The Court remanded the case to determine whether the district court's remand was pursuant to sentence six or some other dismissal of the case after agreeing that the remand was not a sentence four remand because it did not affirm, modify, or reverse the Secretary's decision. *Id.* at ——, ——, 111 S.Ct. at 2163, 2166. If the remand was pursuant to sentence six, the Court stated that only after post-remand proceedings are completed, and the Secretary returns to court for entry of a final judgment, and the appeal period has run, does the filing period begin for EAJA. *Id.* at ——, 111 S.Ct. at 2165. In other words, for EAJA purposes, a sentence six remand is not a final judgment which begins the EAJA attorney fees filing period, unlike a sentence four remand which does begin the EAJA filing period. *Id.*

Travis argues that these cases resolve the issue of the appealability of the order in this case because he argues generally that sentence six remands are not appealable orders. Some other courts have similarly stated in dicta that the implication of these Supreme Court cases is that sentence six orders are not immediately appealable. *E.g., Myers v. Sullivan,* 916 F.2d 659, 676 (11th Cir.1990).

We do not have to resolve the implications of *Finkelstein* and *Melkonyan* in deciding whether sentence six remands are always immediately appealable or not. *Finkelstein* emphasizes that remand orders come in many different forms, thus we will only consider whether the district court's order was final and appealable according to the circumstances of this case. Moreover, *Melkonyan's* holding concerned what was a final judgment for attorney fees under EAJA, not finality for purposes of appeal. *See Finkelstein,* 496 U.S. at

629–30, 110 S.Ct. at 2666. The distinction is important because we believe this case is controlled by *Crowder,* 897 F.2d at 252, an earlier case of ours. *Crowder* stands for the proposition that an order which could not practically, or otherwise, be appealed in the future after the resolution of the merits may be appealed immediately.

*Crowder's* doctrine of practical finality, as we characterized it in *Richardson,* 900 F.2d at 117, is a close cousin of the collateral order exception. The collateral order exception established by *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), has a three-pronged test. "First, the order must 'conclusively determine the disputed question.' Second, the order must 'resolve an important issue completely separate from the merits of the action.' Third and finally, the order must be 'effectively unreviewable on appeal from a final judgment.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 276, 108 S.Ct. 1133, 1137, 99 L.Ed.2d 296 (1988) (citations omitted). *Cohen* permits an order that does not finally resolve the litigation to be appealed under 28 U.S.C. § 1291. If an order fails to meets these requirements, we have held that the considerations behind the finality requirement may still favor finding the district court's order appealable under 28 U.S.C. § 1291, without use of the jurisdictional exception. *See Daviees Co. Hosp. v. Bowen,* 811 F.2d 338, 342 (7th Cir.1987). We need not rely upon the collateral order exception here in resolving whether the district court's order is appealable, just as the Supreme Court did not rely upon that exception when it found the remand order final and appealable under 28 U.S.C. § 1291 in *Finkelstein,* 496 U.S. at 617, 110 S.Ct. at 2658.

If an order is effectively unreviewable after a resolution of the merits of the litigation, that order is final for purposes of 28 U.S.C. § 1291. *Crowder,* 897 F.2d at 253. *Crowder* involved a district court's order which invalidated the general standard used by the Secretary when evaluating social security disability claims by persons of the plaintiff's type and remanded

the case to the Secretary for further assessment of the disability. We recognized that potentially the only way for the Secretary to appeal this remand order would be to ignore it and then be held in contempt by the district court. We rejected this "cumbersome, unseemly route for obtaining appellate review of remand orders in social security cases, especially considering the small stakes in such cases and the resulting burden on the applicant forced to obtain benefits to which he has been held entitled." *Id.* *See also Richardson*, 900 F.2d at 118 ("It is simpler, prompter, and quicker to resolve the issue in the present appeal. Difficulty of envisaging the procedure by which an order sought to be reviewed before the end of the litigation could be reviewed then provides a practical reason for allowing an appeal now."). *But c.f. Central States, Southeast & Southwest Areas Pension Fund v. Express Freight Lines, Inc.*, 971 F.2d 5, 6 (7th Cir.1992) (post-judgment discovery order not immediately appealable unless person disobeys it and is held in contempt). Other courts have used similar reasoning in finding remand orders reviewable when they concerned important legal issues or evidentiary rulings which would be judicially unreviewable at a later date. *See AJA Assoc. v. Army Corps of Eng'r*, 817 F.2d 1070, 1073 (3d Cir.1987); *Farr v. Heckler*, 729 F.2d 1426, 1427 (11th Cir.1984) (per curiam); *Gold v. Weinberger*, 473 F.2d 1376, 1378 (5th Cir.1973); *Cohen v. Perales*, 412 F.2d 44, 48 (5th Cir.1969), *rev'd on other grounds*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

■ This order fits the *Crowder* reasoning because if the Secretary complies with the order, as he will or face contempt, the order will be effectively unreviewable at any later time. If the Secretary awards benefits to Travis, the Secretary of course cannot appeal his own decision. Or if the Secretary denies Travis benefits, any appeal will concern the merits of Travis's

claim and not the remand order as it will have become moot. Therefore, we find that we do have appellate jurisdiction over this order and may now address the merits of the appeal.

### B. *The Remand Order*

■ The Secretary argues that the district court exceeded its jurisdiction under 42 U.S.C. § 405(g) when it remanded the case for a "full and fresh proceeding before a new and different ALJ." The Secretary argues that the court violated the statute by ordering a brand new proceeding which effectively would wipe out the past proceeding. Such a remand is unusual and interferes with the Secretary's decision-making authority and his responsibility to administer social security disability benefits, the Secretary claims.

We agree with the parties that this was a remand pursuant to sentence six of section 405(g). The district judge clearly remanded on the basis of the new and material evidence submitted by Travis with his motion for remand filed on May 26, 1988.

Furthermore, we agree with the court that remand was proper under the statute. The statute requires a finding of good cause by the court, 42 U.S.C. § 405(g), and while we wish the court's order had been more explicit, we believe that the finding of good cause was implicit in the court's order when it stated that Travis filed his motion because of new and material evidence and that because of "the assertions made by the plaintiff," it was remanding the case to the Secretary. The district court, however, did go too far when it ordered the case remanded for a full and fresh proceeding before a new ALJ despite its well-founded concern for a claimant whose case has languished in federal court.[2]

Section 405(g) sets forth the parameter of a remand when it is ordered pursuant to sentence six. *Melkonyan*, —— U.S. at ——, 111 S.Ct. at 2164. It states that the court

---

**2.** While Travis's case has been in federal court for several years without any resolution, he is not, apparently, without disability benefits. At oral argument, his lawyer told the court that his client had filed a second application based upon the new evidence from 1987 and was granted benefits from June 1988. This appeal, therefore, concerns a finite period in the past, which of course makes no difference in its resolution.

may order additional evidence to be taken before the Secretary; the Secretary may then modify or affirm his findings of fact or decision. 42 U.S.C. § 405(g). The Secretary must file with the court any additional or modified findings or decision. The court may review the additional or modified findings or decision to the same extent as the original findings or decision.

The Supreme Court explained in *Melkonyan*, — U.S. at ——, 111 S.Ct. at 2164, that sentence six remands are not to be used by the district court simply to change the outcome of the Secretary's decision. Congress was concerned that courts were remanding cases without good reason and therefore amended sentence six in 1980 in order to limit the available remands to the two types in sentences four and six. *Id.* at ——, 111 S.Ct. at 2165. This of course has nothing to do with the district court's proper determination that Travis's case should be remanded for the additional evidence. But it does show why the court exceeded its jurisdiction in remanding the case for an entirely new proceeding. Nothing in section 405(g) permits such a remand, and we do not find any other basis for one.

Because we believe the case is properly remanded for the taking of additional evidence, though not for a new proceeding, we now turn to the question of the designation of a new and different ALJ on remand. The court remanded the case to the Secretary and ordered that a new ALJ be assigned to take the case. To whom a case should be remanded is generally within the province of the Secretary's responsibility. After all, when a case is remanded, it is to the Secretary with the Appeals Council acting as the Secretary's designee of his or her duties and powers. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986); *see also* 20 C.F.R. 404.983 ("When a Federal court remands a case to the Secretary for further consideration, the Appeals Council, acting on behalf of the Secretary, may make a decision, or it may remand the case to an administrative law judge ... or return the case to the Appeals Council.").

The remand provisions of section 405(g) call for a "somewhat unusual" judicial review of agency action that makes courts " 'virtually ... coparticipants in the process, exercising ground-level discretion of the same order as that exercised by ALJs and the Appeals Council when they act upon a request to reopen a decision on the basis of new and material evidence.' " *Sullivan v. Hudson*, 490 U.S. 877, 885, 109 S.Ct. 2248, 2254, 104 L.Ed.2d 941 (1991) (quoting Jerry L. Mashaw et al., *Social Security Hearings and Appeals* 133 (1978)). But even with this somewhat unusual power in the federal courts, we are mindful of the Supreme Court's admonition in a different administrative setting that "in the absence of substantial justification for doing otherwise, a reviewing court may not, after determining that additional evidence is requisite for adequate review, proceed by dictating to the agency the methods and procedures, and time dimension of the needed inquiry." *FPC v. Transcontinental Gas Pipe Line Corp.*, 423 U.S. 326, 333, 96 S.Ct. 579, 583, 46 L.Ed.2d 533 (1976) (per curiam).

Therefore, we believe that the district court exceeded its authority in ordering a new ALJ to take over the case on remand. Travis did not request a hearing before a new ALJ, as he had not requested an entirely new hearing. Additionally, there is no evidence of bias or partiality by the original ALJ in the case. Selecting a new ALJ is a decision for the Secretary to make when there has been no proof of bias or partiality by the original ALJ of the case. *See Muse v. Sullivan*, 925 F.2d 785 (5th Cir.1991); 20 C.F.R. 416.1440. And we find it significant that Travis did not even request a different ALJ in his motion for remand. *See Lidy v. Sullivan*, 745 F.Supp. 1411, 1417–18 (N.D.Ind.1989) (determining that remand to a different ALJ is appropriate only when claimant requests it or some other legitimate and compelling reason).[3]

---

**3.** We do not reach the mandamus issue alternatively argued by the Secretary since we found the remand order appealable under 28 U.S.C. § 1291.

## III. CONCLUSION

The order of the district court is affirmed as modified, and the case is remanded to the Secretary for the taking of the additional medical evidence proffered by Travis. Though we cannot, on this record, order that a new ALJ be assigned to the case, we strongly urge that Judge Sharp's recommendation be given serious consideration by the Secretary.

MANION, Circuit Judge, dissenting.

I respectfully dissent. I disagree that the remand is appealable as a collateral order or under the doctrine of practical finality. A brief review of the facts is appropriate. The Secretary of Health and Human Services denied Morris Travis Social Security benefits and he appealed to the district court. The case unfortunately languished at the district court for a number of years, and then was transferred to Judge Sharp. Prior to this, Travis had filed a motion for remand under sentence 6 of 42 U.S.C. section 405(g) so that he could present new evidence to the agency. Sentence 6 allows a district judge to remand a case to the agency to consider "additional evidence." Judge Sharp took this authorization a step further—he ordered the Secretary "to conduct a full and fresh proceeding before a new and different [administrative law judge]." The Secretary appeals.

Generally, an order remanding a case to an administrative agency is "nonfinal and hence nonappealable". *Crowder v. Sullivan*, 897 F.2d 252 (7th Cir.1990). Courts have construed two exceptions to this general rule: the doctrine of practical finality and the collateral order rule. The doctrine of practical finality applies where the district court resolves a legal issue in such a way that judgment becomes, as a practical matter, the dispositive order in the case. Thus in *Crowder*, we deemed final and appealable a district court order which invalidated a standard upon which the Secretary denied social security benefits, and remanded for consideration under a new standard. On remand the Secretary would have been left with the choice between awarding benefits under the new standard (an award the Secretary could not appeal), or refusing to award benefits because of the agency's disagreement with the court's interpretation of the applicable standard. We considered the district court's judgment final for the purposes of 28 U.S.C. § 1291, because it "terminated the agency's judicial remedies other than contempt." *Id.* at 253; see also *Sullivan v. Finkelstein*, 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990).

The collateral order rule, established in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), bears some resemblance to the doctrine of practical finality. An order remanding a case to the Secretary may be considered final as a collateral order if it: "(1) finally determines claims entirely collateral to and separable from the substance of the other claims in the action, (2) requires review because they present significant and unrelated questions, and (3) cannot be reviewed effectively once the case is finally decided." *Huie v. Bowen*, 788 F.2d 698, 702 (11th Cir.1986). We have noted that the second and third prongs overlap in part, "but the two prongs essentially incorporate a requirement of irreparable harm stemming from a denial of immediate appeal." *In Re Klein*, 940 F.2d 1075, 1078 (7th Cir.1991). Therefore, when assessing these factors, we look to whether "the appellant can point to ... rights irretrievably lost if we deny jurisdiction." *Id.*

The district court's remand order in this case does not address, let alone resolve, the merits of the case. The remand order simply nullifies the previous proceeding before the agency, and requires that the parties start from scratch. This is not like the *Crowder, Finkelstein* line of cases where the district court's resolution of a legal issue became, for all practical purposes, the dispositive order in the case. Unlike those cases, the remand order in this case leaves the legal standards in place, and simply requires that the parties duplicate a previous effort.

Nor is this like the *Cohen* line of cases where the district court resolves an important collateral issue. Here, the district judge resolved no issues; he just remanded

the case. The remand order in this case is like the one we reviewed in *In Re Klein,* which "did not resolve the substantive rights of the parties in any way, but merely decided one procedural question along the way." 940 F.2d at 1077. There is no right irretrievably lost if we deny jurisdiction, and therefore no irreparable harm. The Secretary maintains the substantive right to litigate this dispute at the administrative level, and to defend any appeal at the district court. The remand order does not affect the substantive right to litigate or the standards under which it might be exercised.

While the remand produces no prejudice occasioned by the loss of a substantive right, it creates a possibility of inconvenience. But we should not expand our jurisdiction to address inconvenience, even if the result seems expensive or unfair. The duplication of effort engendered by this remand might well be unfair to the Secretary; it is not the agency's fault that the case languished and was transferred. The Supreme Court has stated that, "the possibility that a ruling may be erroneous and may impose additional litigation expenses is not sufficient to set aside the finality requirement imposed by Congress. 'If the expense of litigation were a sufficient reason for granting an exception to the final judgment rule, the exception might well swallow the rule.'" *In Re Klein,* 940 F.2d at 1078, quoting *Richardson–Merrell Inc. v. Koller,* 472 U.S. 424, 436, 105 S.Ct. 2757, 2764, 86 L.Ed.2d 340 (1985). The remand order in this case is analogous to a district court's order granting a new trial. Even though such an order might cause undue hardship to one of the parties, and even though the result of the new trial might differ from the first trial, the order is still not appealable. Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2540 at 612 (1971).

This court's expansion of our jurisdiction is a novel application of the limited exceptions embodied in the practical finality and collateral order doctrines. This appears to be the first time a federal appellate court has deemed a sentence 6 remand immedi-

ately appealable as a final order. The decision runs contrary to the Supreme Court's reasoning in *Melkonyan v. Sullivan,* —— U.S. ——, 111 S.Ct. 2157, 2165, 115 L.Ed.2d 78 (1991), that sentence 6 remands are not final orders. The court's resolution of this matter is essentially practical; it seeks to reverse an order which seems to overstep the authority vested in the district court. But our usual method "to confine an inferior court to a lawful exercise of its prescribed jurisdiction" is by granting a writ of mandamus. *Will v. United States,* 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967). There is no reason to decide whether a writ of mandamus is appropriate in this case; the Secretary has not complied with Appellate Rule 21 in seeking a writ. The Secretary asks only that if we deny jurisdiction, we consider the appeal a Petition for Writ of Mandamus. The record includes no Petition for Writ of Mandamus, and no evidence that the Secretary has served such a petition on the district judge. Without more, we should not consider mandamus relief.

To summarize, we only possess appellate jurisdiction over cases where the district court has entered a final order. *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978). A final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). The remand order in this case does not resolve or even address the merits of the case. Neither does the remand order threaten irreparable harm by resolving a collateral issue essential to the case. The remand order is not appealable. This appeal should be dismissed.