**DALE M., by his mother and next friend, ALICE M., Plaintiffs,**

v.

**BOARD OF EDUCATION of BRADLEY–BOURBONNAIS HIGH SCHOOL DISTRICT NO. 307, et al., Defendants–Appellees.**

**Appeal of Margie Best.**

**No. 01–3477.**

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 4, 2002.

Decided March 11, 2002.

Margie Best (submitted a brief), Oak Park, IL, for plaintiff Dale M.

John A. Relias (submitted a brief), Franczek Sullivan, Chicago, IL, for defendants–appellees Board of Education of Bradley–Bourbannais High, Jerry Sikes, Willard DeWitt, and Joan Pierce.

Deborah L. Ahlstrand (submitted a brief), Office of the Attorney General, Civil Appeals Division, Chicago, IL, for defendant–appellee Illinois State Board of Education.

Warren Lupel (submitted a brief), Katz, Randall & Weinberg, Chicago, IL, for appellant Margaret Best.

Before POSNER, COFFEY, and RIPPLE, Circuit Judges.

POSNER, Circuit Judge.

The appellant, Best, is a lawyer who represented the plaintiffs in this suit under the Individuals with Disabilities Education Act. The plaintiffs prevailed in the district court, and the judge ordered the defendant to pay the plaintiffs attorneys' fees and costs of almost $50,000. This was done, and the money was turned over to Best. We reversed the district court's judgment in favor of the plaintiffs, see 237 F.3d 813 (7th Cir.2001), stating in the course of our opinion that we were reversing the award of attorneys' fees as well as the judgment. *Id.* at 818. So the district court ordered Best to return the money to the defendant and it is that order that she has appealed.

Best points out that as is usually the case with statutory provisions awarding attorneys' fees, the award under the IDEA is to the party, not to the party's lawyer. 20 U.S.C. § 1415(i)(3)(B). She was not a party to her clients' suit, and she denies, therefore, that the district court had jurisdiction over her and hence power to order her to do anything. But this is clearly wrong. Courts have a broad power, deemed "inherent" in the sense that its existence does not depend on an explicit

grant of power in a statute or other formal enactment, to regulate the conduct of the lawyers who practice before them. *E.g., Chambers v. NASCO, Inc.,* 501 U.S. 32, 43–44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 766, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); *Natural Gas Pipeline Co. v. Energy Gathering, Inc.,* 2 F.3d 1397, 1411 (5th Cir.1993); *Eash v. Riggins Trucking, Inc.,* 757 F.2d 557, 567 (3d Cir. 1985). In *Palmer v. City of Chicago,* 806 F.2d 1316, 1319 (7th Cir.1986), "we assume[d] that the district court has an inherent power to order attorneys to whom fees were paid over by their clients pursuant to court order to repay the fees should the order be reversed." If the district court lacked that power, then in obedience to our decision the court would order the plaintiffs to return the attorneys' fees and costs that had been awarded them and they would turn around and sue lawyer Best for recoupment on a theory of unjust enrichment, see *Richardson v. Penfold,* 900 F.2d 116, 118 (7th Cir.1990), since, in the absence of a valid award of fees to her clients or a contract with them entitling her to the proceeds of a court-ordered award even if later reversed, Best has no right to the money she has pocketed. To prevent such circuity and enforce ethical conduct in litigation before it, the district court had inherent power to order Best to return the money to the defendant. *Cf. id.* "[A]ll courts possess an inherent power to prevent unprofessional conduct by those attorneys who are practicing before them. This authority extends to *any* unprofessional conduct, including conduct that involves the exaction of illegal fees." *Jackson v. United States,* 881 F.2d 707, 710 (9th Cir.1989) (emphasis in original). That is an apt description of Best's effort to hold on to a fee, obtained by a court order,

to which she is not entitled because the order has been reversed.

Affirmed.