In the
United States Court of Appeals
For the Seventh Circuit

No. 01-3477

Dale M., by his mother and next friend,
Alice M.,

Plaintiffs,

v.

Board of Education of Bradley-Bourbonnais
  High School District No. 307, et al.,

Defendants-Appellees.

Appeal of Margie Best.

Appeal from the United States District Court
for the Central District of Illinois.
No. 96 C 2254--Michael P. McCuskey, Judge.

Submitted January 4, 2002--Decided March 11, 2002

  Before Posner, Coffey, and Ripple, Circuit
Judges.

  Posner, Circuit Judge.  The appellant,
Best, is a lawyer who represented the
plaintiffs in this suit under the
Individuals with Disabilities Education
Act. The plaintiffs prevailed in the
district court, and the judge ordered the
defendant to pay the plaintiffs
attorneys' fees and costs of almost
$50,000. This was done, and the money was
turned over to Best. We reversed the
district court's judgment in favor of the
plaintiffs, see 237 F.3d 813 (7th Cir.
2001), stating in the course of our
opinion that we were reversing the award
of attorneys' fees as well as the
judgment. Id. at 818. So the district
court ordered Best to return the money to
the defendant and it is that order that
she has appealed.

  Best points out that as is usually the
case with statutory provisions awarding
attorneys' fees, the award under the IDEA
is to the party, not to the party's
lawyer. 20 U.S.C. sec. 1415(i)(3)(B). She
was not a party to her clients' suit, and
she denies, therefore, that the district
court had jurisdiction over her and hence

power to order her to do anything. But this is clearly wrong. Courts have a broad power, deemed "inherent" in the sense that its existence does not depend on an explicit grant of power in a statute or other formal enactment, to regulate the conduct of the lawyers who practice before them. E.g., Chambers v. NASCO, Inc., 501 U.S. 32, 43-44 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Natural Gas Pipeline Co. v. Energy Gathering, Inc., 2 F.3d 1397, 1411 (5th Cir. 1993); Eash v. Riggins Trucking, Inc., 757 F.2d 557, 567 (3d Cir. 1985). In Palmer v. City of Chicago, 806 F.2d 1316, 1319 (7th Cir. 1986), "we assume[d] that the district court has an inherent power to order attorneys to whom fees were paid over by their clients pursuant to court order to repay the fees should the order be reversed." If the district court lacked that power, then in obedience to our decision the court would order the plaintiffs to return the attorneys' fees and costs that had been awarded them and they would turn around and sue lawyer Best for recoupment on a theory of unjust enrichment, see Richardson v. Penfold, 900 F.2d 116, 118 (7th Cir. 1990), since, in the absence of a valid award of fees to her clients or a contract with them entitling her to the proceeds of a court-ordered award even if later reversed, Best has no right to the money she has pocketed. To prevent such circuity and enforce ethical conduct in litigation before it, the district court had inherent power to order Best to return the money to the defendant. Cf. id. "[A]ll courts possess an inherent power to prevent unprofessional conduct by those attorneys who are practicing before them. This authority extends to any unprofessional conduct, including conduct that involves the exaction of illegal fees." Jackson v. United States, 881 F.2d 707, 710 (9th Cir. 1989) (emphasis in original). That is an apt description of Best's effort to hold on to a fee, obtained by a court order, to which she is not entitled because the order has been reversed.

Affirmed.